## Jacob Crisman and Michael Crisman, appellants *v.* Samuel T. Matthews, appellee.

*Appeal from Morgan.*

In a suit by a sheriff upon a forthcoming bond taken by him for property levied on by an attachment, it is unnecessary for the plaintiff to show that the attachment was actually levied upon the property; the judgment of the court directing the property attached to be sold, is conclusive as to that point.

A defendant in a forthcoming bond is estopped from denying that an attachment had issued, and that the property had been seized and taken by the sheriff; the recitals in the condition of the bond, admit these facts.

This case was tried at the October term, 1834, of the Morgan Circuit Court, before the Hon. Samuel D. Lockwood, and a judgment rendered for the appellee for $126,83.

Wm. Thomas, for the appellants.

M. McConnell, for the appellee.

Smith, Justice, delivered the opinion of the Court:

This is an action of *debt* instituted in the Court below, by the appellee against Peter D. Mordecai and the appellants, upon a bond executed by Mordecai and the appellants, the latter as sureties, to the appellee as sheriff of the county of Morgan. The declaration states, that on the 26th day of April, 1832, a certain writ of attachment issued from the Circuit Court of Morgan county, at the suit of Elisha Kellogg, against the said Peter D. Mordecai, for two hundred and fifty dollars, directed and delivered to the said Matthews as sheriff to execute and return; that by virtue of said writ, the said sheriff attached one horse and other property of said Mordecai, and took the same into possession; that Mordecai being desirous of retaining possession of the property, executed a bond, with the Crismans as sureties, in the penalty of $500, conditioned that if the said property should be forthcoming to answer such judgment as the said Court might render against the said Mordecai in favor of Kellogg, then the obligation to be void. The breach alleged is that Kellogg obtained a judgment on the 22d of June, 1833, for two hundred and fifty dollars, on which judgment a special execution issued on the 12th day of July, 1833, directed to the sheriff of Morgan county, requiring him to sell the property attached as aforesaid, and on the 23d day of September, 1833, the sheriff returned the execution endorsed that the property could not be found, whereby an action accrued to the plaintiff to have and demand the debt aforesaid.

At the May term, 1834, of the Circuit Court, the defendants, Jacob and Michael Crisman, appeared and pleaded to the action

in substance, that Matthews, the sheriff, represented that he had levied an attachment on the personal property at the suit of Elisha Kellogg, and required Mordecai to execute the bond declared on for the delivery of the property : Whereas in truth and in fact, the said sheriff had not levied the attachment on the said property or any part thereof, nor did he make any return on the attachment showing that he had levied the same. To this plea there was a demurrer, and the Court decided the plea insufficient. The defendants then had leave to withdraw the plea and plead *de novo ;* and at the same term of the Court filed another plea, alleging the same facts but differing from the first in the conclusion. To this plea there was also a demurrer, which the Court sustained, and gave leave to file an additional plea, and the cause was continued. At the October term, 1834, the defendants filed four pleas. The first after craving *oyer* of the bond, alleges, that the Circuit Court of Morgan county never did make any order or render any judgment, requiring any disposition of the property specified in the bond, or requiring a delivery of the property to the plaintiff, or a sale of the same.

The second plea alleges that the plaintiff represented to the defendants, that by virtue of an attachment issued from the Circuit Court of Morgan county, at the suit of Elisha Kellogg against Peter D. Mordecai, he had levied on forty acres of land, situated in the county of Morgan, and the personal property specified in the condition of the bond declared on, and the defendants relying on the representations so made as aforesaid, executed the said bond, as sureties for the said Mordecai : Whereas the defendants aver that the plaintiff never had levied the said attachment on the land aforesaid, or on the personal property aforesaid, by reason whereof, the said Circuit Court never did make any order or render any judgment, requiring a sale of said personal property, to satisfy the judgment obtained by Kellogg against Mordecai, nor could the plaintiff, by force of the proceedings had in the said Circuit Court, lawfully claim or seize the said personal property.

The third plea alleges that the plaintiff returned the attachment referred to, and recited in the bond without certifying or endorsing thereon that he had levied the same on the personal property mentioned in the condition of the bond, or any part thereof, by reason whereof the property was taken and conveyed away out of the jurisdiction of the Court, by the said Peter Mordecai, and the Court could not by reason of the default of the plaintiff, render any judgment in said suit, and subject the property to the payment thereof.

The fourth plea alleges that the attachment referred to and recited in the condition of the bond, was sued out by Elisha Kellogg against Mordecai, on the complaint of said Kellogg,

M*

alleging that said Mordecai was about to depart from the State, with the intention of having his effects removed; that the said Mordecai never was served with process or summoned or notified to answer the complaint of said Kellogg in said suit, and the plaintiff returned the attachment to the said Court without certifying or endorsing thereon that he had levied the same on any part of the said real or personal estate of said Mordecai; whereupon they say that the said judgment in favor of Kellogg against Mordecai, is null and void, and of no force or effect.

To the first plea filed in October, 1834, the plaintiff replied that the Circuit Court of Morgan county had rendered judgment, and required the property specified in the bond, to be sold to satisfy the same, concluding with a verification, &c. This replication was joined by defendants. The plaintiff demurred to the other three pleas, and the demurrer being joined, the Court decided the pleas insufficient. A trial was then had on the issue taken upon the first plea, and the Court decided on the trial of that issue, that the judgment in favor of Kellogg against Mordecai, was sufficient evidence to prove the issue, and that the plaintiff was not bound to produce the attachment and show by the return thereon, that the property had been attached, and gave judgment for the value of the property. The defendants excepted to the opinion of the Court in deciding that the judgment was sufficient evidence to prove the issue, and have brought the case to this Court by appeal. The errors assigned are,        .

1. The Court erred in sustaining the demurrer to the plea filed May, 1834.

2. The Court erred in sustaining the demurrers to the pleas filed October, 1834.

3. The Court erred in deciding that the judgment in favor of Kellogg against Mordecai was sufficient evidence to prove the issue tried by the Court, and that it was not necessary for the plaintiff to produce the attachment and show by the return thereon, that the property mentioned in the condition of the bond had been attached.

Two questions are raised for the consideration of the Court upon the foregoing statement of the case, and the errors assigned.

1. Were the demurrers to the 2nd, 3d and 4th pleas of the defendant properly sustained? I pass by the question presented as to the first two pleas and the demurrers thereto, because the defendants having withdrawn the pleas after the judgment on the demurrers, cannot now assign that for error, though if the pleas were considered, they would not in my judgment, alter the present result.

2. Was the evidence under the issue found sufficient to justify

the finding of the Court, and the rendition of the judgment thereon?

On the first point it will be perceived that the 2nd, 3d and 4th pleas aver a state of facts not merely controverting the condition set forth in the bond, but denying the power of the Circuit Court to render a judgment in the attachment cause against the original debtor. They also partake in some particulars of a plea of *nul tiel record*, and are analogous in their form and matter. From a consideration of them they will be seen, first, to attempt to put in issue the existence of matters distinctly admitted in the bond; then to seek to controvert the jurisdiction of the Court which rendered judgment in the action of attachment, and finally to deny because of certain alleged informalities, as to the levy and return of the sheriff, that the Court did render such judgment as is alleged in the plaintiff's declaration.

This statement of their principal ingredients and qualities, shows, without further observation, that pleas containing each within themselves such matters incongruously joined, could not be good.

On the second point, I am clearly of opinion that the defendant was estopped from denying the admissions made in the condition of the bond, or of controverting their existence. The bond recites the issuing of the attachment and its coming into the hands of the sheriff; that it was duly levied on the property of Mordecai, and covenants to restore it to answer such judgment as the Circuit Court might render against Mordecai.

Can it be, after the admission of the defendants of these facts, verified by the most solemn legal forms known to the law, that they shall be permitted to deny them, and seek to avoid their force and effect by a resort to some informal or insufficient acts of the sheriff, in the manner of the levy or the return of the process? The existence of the judgment, however, was alone by the pleadings put in issue, and its production was sufficient evidence to sustain that issue. To have required more, would have been to require more than the parties had called on the Court to investigate; and not only so, but what had been already solemnly admitted by the defendants when they became a party to the bond. The production of the original attachment, with the return of the officer thereon, was wholly unnecessary, because the judgment was in itself conclusive.

The Supreme Court of New York have adopted this rule in a case clearly analogous. A sheriff who had taken a bond with sureties for the limits of the jail granted to a prisoner in execution, was sued for an escape, and a judgment recovered against him. He gave notice to the sureties of the suit, which was regularly defended by the sheriff, aided by the sureties. The sheriff afterwards brought an action on the bond for his indemnity, and

it was held that the recovery in the former suit was conclusive evidence in the suit on the bond; and that the defendants could not on the trial of the suit against them on the bond, controvert the fact of the escape.(1)

The judgment is affirmed with costs.

*Judgment affirmed.*

(1) Kip *v.* Brigham *et al.* 6 Johns. 158.    (2) R. L. 391; Gale's Stat. 406.