**Louis Heilbrunn and David Kahn, trading as Heilbrunn & Kahn, Appellants, v. J. J. Ellsworth and Harry McNair, trading as Ellsworth & McNair, Appellees.**

1. PROPERTY, § 27*—*when person is presumed owner.* A party in possession of personal property is presumed to be the owner of it, and where such owner puts another in possession and clothes him with the *indicia* of ownership, he loses his right thereto, as against creditors of that person.

2. ATTACHMENT, § 360*—*when sureties are estopped from attacking bond.* Obligors on a forthcoming bond are estopped to deny the recitals and admissions in the bond.

3. ATTACHMENT, § 317*—*what is effect of plea preventing interpleaders from claiming property.* Where certain property and money, seized by a writ of attachment, was released because of the giving of a forthcoming bond, and a partnership interpleaded and claimed the property, a plea that the sureties on the forthcoming bond executed the same at the special instance and request of the interpleaders, and that the undertaking was that of the partnership, was one of estoppel by record or deed, the bond being under seal.

4. ATTACHMENT, § 317*—*when interpleaders are estopped from claiming property.* Where personal property, seized by a writ of attachment, was released because of the giving of a forthcoming bond, and it appeared that such bond was the undertaking of a partnership which interpleaded and claimed the property, it was not permissible for such partnership or its surety to obtain the property under the outstanding title of a third person, when they had agreed to hold it under the sheriff.

5. PRINCIPAL AND SURETY, § 8*—*what is extent of liability of surety.* The liability of sureties follows that of the principal, and if the obligation is valid against the principal it is valid against the sureties.

Appeal from the City Court of Mattoon; the Hon. JOHN McNUTT, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed October 16, 1914. *Certiorari* denied by Supreme Court (making opinion final).

VAUSE & HUGHES, for appellants.

HENLEY & DOUGLAS, for appellees; SPENCER WARD, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

J. J. Ellsworth and Harry McNair, partners doing business under the firm name of Ellsworth & McNair, caused a writ of attachment to be issued out of the Mattoon City Court and levied on certain horses in the possession of William Fink, the defendant in the attachment suit, and about seventeen hundred dollars in the National Bank of Mattoon was also garnisheed as the money of Fink.

Fink gave a forthcoming bond under section 14 of the Attachment Act (J. & A. ¶ 505), with G. S. Richmond and W. H. Ownby as sureties, and the horses levied on were returned to Fink and the money attached in the bank released. Thereafter Louis Heilbrunn and David Kahn, partners doing business under the name of Heilbrunn & Kahn, filed an interpleader in the attachment suit alleging that the money attached and the horses levied on were at the time of the levy and still are the money and property of Heilbrunn & Kahn, and not the property of Fink.

To this interpleader, Ellsworth & McNair filed a plea averring that Heilbrunn & Kahn caused George S. Richmond and W. H. Ownby to become sureties on the forthcoming bond, which was delivered to the sheriff, under and by which the property levied upon was redelivered to Fink, the defendant in the attachment suit, in whose possession the property was at the time the writ was levied; that said Richmond and Ownby executed said bond as sureties at the special instance and request and by the procuration of said Heilbrunn & Kahn, "which said forthcoming bond was for the use and benefit of and was in law the undertaking of Heilbrunn & Kahn as sureties." The plea further avers that Richmond and Ownby, who so executed said forthcoming bond, executed and delivered the same in their own names, but in fact solely and wholly for and on behalf of Heilbrunn & Kahn. The plea sets forth

the bond *in haec verba* and concludes, "by reason whereof said Heilbrunn & Kahn became and are now estopped and precluded from claiming or setting up title in any other than said Fink, in any of the property so levied upon or seized by said attachment writ, and this the defendants are ready to verify, etc."

Heilbrunn & Kahn filed a general demurrer to the plea which was overruled, and abiding by their demurrer judgment was rendered against them on the plea that they take nothing by their interpleader, etc., and for costs. Heilbrunn & Kahn prosecute this appeal from that judgment.

The only question raised on this appeal is the sufficiency of the plea of estoppel. The substance of the plea is that the interpleading claimants of the property and money induced and procured Richmond and Ownby to become sureties on the forthcoming bond given to the sheriff, whereby the property attached was redelivered to the defendant in the attachment. The conclusion of the bond is: "Now, if the said property and money shall be forthcoming to answer the judgment of the court in said suit then this obligation to be void. Otherwise to remain in full force and effect."

The party in possession of personal property is presumed to be the owner of it, and where the owner of personal property puts another in possession and clothes him with the *indicia* of ownership, he loses his right thereto, as against creditors of that person. *Gilbert v. National Cash Register Co.*, 176 Ill. 288. The forthcoming bond recites the issuing of a writ of attachment against the estate of Fink. The return on the attachment shows the levying of the writ on the property as the property of Fink. The forthcoming bond recites the issuing of the writ of attachment against the estate of Fink and the levying of the writ on the property as the property of Fink, and that Fink is desirous of regaining possession of the property,

and that the property shall be forthcoming to answer the judgment in said suit.

The obligors on the bond are estopped to deny the recitals and admissions in the bond. *Crisman v. Matthews,* 2 Ill. 148. Obligors and sureties are estopped to set up defenses which contradict the recitals of the bond. *McCarthy v. Chimney Const. Co.,* 219 Ill. 616; *Harding v. Kuessner,* 172 Ill. 125. The plea avers that the sureties on the bond executed the same at the special instance and request and by the procuration of Heilbrunn & Kahn and for their benefit; that it was in law the undertaking of Heilbrunn & Kahn as sureties; and that they executed it solely and wholly for and on behalf of Heilbrunn & Kahn. The bond being under seal, the plea is one of estoppel by record or deed. ''It was not admissible for him or his surety to get possession of the property by the execution of the forthcoming bond, and then refuse to deliver it to answer the judgment of the court * * * because it belong to a third person. * * * Neither the defendant nor the surety had a right to benefit himself by claiming to hold the property under the outstanding title of a third person, while they had agreed to hold it under the sheriff.'' *Gray v. Mac-Lean,* 17 Ill. 404; *Case v. Steele,* 34 Kan. 90; *Sprigg v. Bank of Mt. Pleasant,* 35 U. S. 261.

The liability of the sureties follows that of the principal, and if the obligation is valid against the principal it is valid against the sureties. The demurrer admits the averments of the plea to be true. The plea averring that the sureties gave the bond solely and wholly for Heilbrunn & Kahn, Heilbrunn & Kahn cannot set up a claim to the property any more than the sureties could. The court properly overruled the demurrer of Heilbrunn & Kahn to the plea to the interpleader. The judgment is affirmed.

*Affirmed.*