JOHN PERKINS *vs.* AMASA W. BAILEY.

A cloth covering of the bed of a billiard table which can be removed without injuring the table is not so annexed thereto as to be inseparable by one who put it there under a contract of sale which he has a right to rescind.

One who has been induced to sell and put on a billiard table a removable cloth covering by fraudulent representations of the vendee, who was in possession of the table, that he was the owner thereof, may rescind the sale and resume possession of the cloth, although he sold to the same vendee another table at the same time, and took from him a mortgage of both tables as security for the payment of the price of the second table and of the cloth and his labor.

The owner of a billiard table, who, under an executory contract for the sale of it to the keeper of a billiard room, leaves it in the possession of such keeper, has no right of action against a person who takes from it a removable cloth covering, which, by fraudulent representations of a partner of such keeper, such person had been induced to sell to such partner and to put thereon.

TORT for conversion of the cloth coverings of two billiard tables. Trial in the superior court, before *Reed,* J., who made a report thereof substantially as follows :

The evidence tended to show that the plaintiff, owning two billiard tables, made a contract with Alfred Goodwin, who kept a billiard room in which they were placed, that the latter should take and use them and pay to the plaintiff the interest on their agreed price and a certain sum annually towards payment of that price, and that the property in them should pass to him upon his completion of such payment; that Goodwin, while using the tables under this contract, made an agreement with Ichabod McKnight that the latter should put two new tables into the room and new coverings on the two old ones, and divide with him the care of the room and the profits of the business, and McKnight thereupon bought of the defendant a new table and employed the defendant to put new coverings on the old ones, representing them as his property, and gave to the defendant a mortgage of all three tables as security for his payment; that soon afterwards McKnight absconded, and the defendant " went to the billiard room and took possession of his property therein " and agreed with Goodwin that the latter should keep the same for him " and, during continuance of said Goodwin's term, and while he was continuing to pay interest on

the price of said tables, came and took away the new table, and removed and carried away the coverings which he had placed upon the old tables," which " were so tacked upon and fastened to the tables that they might be, and were, so removed as to do no injury to the tables."

The judge ruled that this evidence would not sustain the action and directed a verdict for the defendant, and the plaintiff alleged exceptions.

*A. V. Lynde & W. P. Harding*, for the plaintiff.

*H. W. Bragg & J. W. Hammond*, for the defendant.

Foster, J.    The cloth coverings of the billiard tables were originally the property of the defendant.    The plaintiff has acquired no title to them by contract or in any other manner, unless by reason of their having been placed upon the tables of which he was the owner.    It was agreed at the trial that the coverings could be, and were, removed without injury to the tables.    They did not therefore become by accession the property of the plaintiff, and were not so annexed to and incorporated with the tables that the real owner lost the right to take them off and to continue to treat them as his own.

If the coverings had been owned by McKnight, who made the bargain under which the defendant put them on the tables, a different rule might have applied.    But McKnight, by false representations, induced the defendant to cover the tables, and when this fraud was discovered the defendant had the right to rescind the agreement which he had been thereby induced to make with McKnight, and might lawfully take back his property.    Under such circumstances, the plaintiff had no title to sustain an action of tort for the conversion of this property ; and the exceptions are overruled.