JOHN STROMBERG *vs.* C. E. LINDBERG.

March 10, 1879.

Chattel Mortgage—Excessive Sale—Mortgagor's Claim for Damages not subject to levy.—The holder of a chattel mortgage, foreclosing under the power of sale, if he can, without prejudice or great inconvenience to himself, satisfy his debt by a sale of part of the property, is bound so to sell if the interest of the mortgagor require it; and if he unnecessarily and in bad faith sell the whole, he is liable to the owner of the right of redemption for the damages caused by it. The claim of the owner of the right of redemption for such damages is not the subject of levy upon execution.

This action was brought in the district court for Meeker county, and was tried before *Brown,* J., (a jury being waived,) who found the facts, in substance, as follows: On May 10, 1876, the plaintiff, a farmer, mortgaged a growing crop of

v.25m—33

wheat, comprising about 160 acres, to one Freeman, to secure the payment of $400, on October 1, 1876, with interest at seven per cent. per annum. On October 11, 1876, no part of the debt having been paid, Freeman assigned the mortgage to defendant. Prior to the assignment, the plaintiff had harvested the wheat, and stored it in his granary. The crop amounted to 854 bushels, of which plaintiff had sold 133 bushels. On the day of the assignment, the defendant, by virtue of the mortgage, took and carried away 600 bushels of the wheat, worth $105.51 over and above the amount then due on the mortgage, and all costs of the taking and care of the property, and afterwards, and between October 11, and December 28, 1876, sold, under a power in the mortgage, all the wheat so taken.

At the time of the sale the plaintiff was indebted to the defendant in the sum of $75, not secured by the mortgage. On December 28, defendant brought suit against plaintiff, on this debt, before a justice of the peace, and caused a writ of attachment to be issued and levied on the proceeds of the wheat remaining in his hands after satisfying the mortgage debt and costs, which surplus, amounting to $105.51, he delivered to the constable levying the attachment. The defendant prosecuted the suit to judgment and execution, which the officer levied on the money so attached, and, after satisfying the execution, paid the balance, amounting to $18.30, to the plaintiff.

All the wheat taken, except about 34 bushels, was worth 91 cents per bushel at the time of the taking, and the defendant knew its value, and knew that he was taking much more than enough to satisfy the mortgage debt and costs of foreclosure. The court further found that the purpose of the defendant was to take, under the mortgage, property which was exempt from the process of any court, to convert it into money by a sale under the mortgage, and to apply the surplus to the payment of his unsecured debt of $75, and that the attachment and execution were sued out, and the

money taken thereunder, in pursuance of this scheme to evade the exemption laws of the state.

Upon these facts the court held that after the defendant had sold enough of the wheat taken to satisfy the mortgage debt and costs, he should have returned the residue to the plaintiff; that not having done so, he was guilty of a conversion of such residue, of the value of $105.51; and that the acts of defendant in procuring the issuance and levy of the attachment and execution, being part of his scheme to evade the exemption laws, were a fraud upon the law and the process of the court, and all proceedings under these writs, so far as intended to affect the property attached or the plaintiff's rights therein, were fraudulent and void as against the policy of the law. Judgment was ordered and entered for the plaintiff, for $87.21, and interest from October 11, 1876, and the defendant appealed.

*Belfoy & Spooner*, for appellant.

*Strobeck & Plumley*, for respondent.

GILFILLAN, C. J.  A chattel mortgage vests in the mortgagee the legal title, subject to be defeated by performance of the condition in the mortgage, a right or equity of redemption remaining in the mortgagor. Formerly, at law, the mortgagee's title became absolute upon a default; but courts of law now accept the equitable rule, that the right of redemption continues until it is barred or foreclosed, in the manner provided by law or in the mortgage. See also Gen. St. c. 39, §§ 5–9. Where the mortgagee forecloses under the power of sale in the mortgage, he stands, with respect to the mortgagor's rights in the property, in the position of a trustee, and is held to the exercise of good faith and proper care and diligence to avoid any sacrifice of those rights, not necessary to the reasonable enforcement of his own. Although the mortgage cover much more property than is necessary to his security, he may, under his mortgage, for his security, take possession of the whole; but where, without prejudice or great inconvenience to himself, he can satisfy his debt by a sale of

part, he is, if the interests of the mortgagor require it, bound so to sell. If he unnecessarily sell the whole, and especially if he do so, not in good faith to satisfy his debt, but, as the court below in this case has found, in order to secure, by use of the power of sale, some further advantage—to effect some purpose not contemplated by the mortgage, he ought to be, and is, liable to the mortgagor for the damages sustained by him through such oppressive use of the power of sale. The claim of the mortgagor in such a case is not a debt which is the subject of levy. The levy by defendant upon the surplus in his hands, after the sale and satisfaction of the mortgage debt, did not affect the plaintiff's cause of action against him.

Judgment affirmed.