HUGH B. MONTGOMERY *vs.* KELSEY D. CHASE.

January 10, 1883.

Chattel Mortgage—After-acquired Property.—The intention of the parties that a chattel mortgage shall take effect upon and include property not then owned by the mortgagor, but to be subsequently acquired by him, must be expressed by the instrument itself in words sufficient to carry the intention into effect, and cannot be shown by extrinsic evidence.

Appeal by defendant from a judgment of the district court for Polk county, *Stearns*, J., presiding.

*Davis Brower*, for appellant.

*Frank Ives* and *Ives & Hatlestad*, for respondent.

MITCHELL, J. This is an action to recover the possession of a Gordon job-printing press and a lot of job-printing type. Inasmuch as the defendant was in actual and peaceable possession of the property, the plaintiff must recover, if at all, upon the strength of his own title or right. He claims under a chattel mortgage, executed by J. K. Arnold and Mary T. Arnold, his wife. This mortgage describes the mortgaged property as follows: "One Hoe hand printing-press, one Gordon jobber-press, one paper-cutter, one card-cutter, two stands, a lot of type cases, one imposing stone, about 75 fonts of type of different styles, all of the books, office, and printing-office furniture, stones, lamps, desks, chairs, and other articles of furniture and printers' material, of, in, and belonging to the newspaper and job-printing office of the Northern Tier, situate and being in Crookston, aforesaid, in said county of Polk."

It seems to us that there is one insuperable difficulty in the way of plaintiff's recovery. This mortgage does not cover or purport to include any property that might thereafter be acquired by the mortgagors, and added to or placed in this printing office. It refers to the property as if then in being and in the possession of the mortgagors, and describes it as situate in Crookston, in Polk county; whereas, in fact, as appears from the evidence and findings, the property now in dispute—the Gordon press and a part of the type—was not then in Crookston, nor in the office of this newspaper, and had not as yet been even purchased by the mortgagors. How long after the execution of the mortgage they purchased it does not appear and is not material. The evidence, however, discloses that the press was not put into the office for a month afterwards, and the type not till February.

A chattel mortgage will not cover after-acquired property unless it expressly so provides. It is immaterial that the parties may have intended that it should have that effect. The mortgage cannot be changed, or its legal effect altered, by any parol agreement or under-

standing between the parties at the time of its execution; the instrument must speak for itself. The intention that it shall take effect upon property to be afterwards acquired must be expressed in the instrument, and cannot be shown by extrinsic evidence. It will not help matters to say that the description in the mortgage calls for property not then owned by the mortgagors, and therefore it may be shown by extrinsic evidence that they intended to include property of that description then expected to be acquired. This mode of helping out the written instrument is liable to the same objection. Jones on Chat. Mortg. § 167; *Tapfield* v. *Hillman*, 6 Man. & G. 245; *Farmers' Loan & Trust Co.* v. *Com. Bank of Racine*, 15 Wis. 424.

For this reason the judgment must be reversed, and therefore it becomes unnecessary to consider what would be the right of the plaintiffs as against the defendants, had the mortgage of the former been broad enough to cover this property.

Judgment reversed.