# CAMPBELL IMPLEMENT COMPANY v. LOUIS NELSON AND ANOTHER.[1]

April 17, 1924.

No. 23,897.

**Drive belt is separate article from threshing machine outfit.**

1. A drive belt used in connection with a steam threshing outfit, *held* to be an entirely distinct and independent article of manufacture from the engine, separator or other parts of the outfit.

**When after-acquired property is included in chattel mortgage.**

2. As a general rule, to include after-acquired property in a chattel mortgage, the intent so to do must be expressed by words in the instrument.

[1]Reported in 198 N. W. 401.

Action in conversion in the district court for Chippewa county, to recover $75. The case was tried upon stipulated facts before Qvale, J., who made findings and ordered judgment against defendants. From the judgment entered pursuant to the order for judgment, defendants appealed. Affirmed.

*J. O. Haugland* and *Oscar S. Wilson,* for appellants.

*C. A. Fosnes* and *John C. Haave,* for respondent.


QUINN, J.

Action to recover for the alleged conversion of a steam thresher drive belt of the value of $75. The cause was tried to the court sitting without a jury. The court made findings of fact and ordered judgment in favor of plaintiff for the value of the belt, with interest and costs. From a judgment entered on such findings, defendants appealed.

In August, 1918, defendants sold and delivered to Harman F. Graue a complete steam threshing outfit consisting of an engine, separator, self-feeder, weigher, stacker, drive-belt, tank, pump, hose and other articles commonly used in threshing grain, at the agreed price of $1,200, payable as follows: $400 on September 1, 1918, and $800 on October 1, 1918, with interest, taking a chattel mortgage on the outfit to secure the payment of such amounts. The mortgage was duly filed for record in the office of the register of deeds of Lac qui Parle county on August 26, 1918. Graue resided in the town of Camp Release, in that county, where he kept the outfit. The drive belt sold with the outfit became worn out in the fall of 1920. Graue then bought a new belt which he used during that fall. The outfit was not used during the falls of 1921 and 1922. In October, 1922, Graue sold the new belt to William Koch for $75 on time. Graue being indebted to the plaintiffs, on October 7, 1922, gave them an order on Koch, requesting him to pay plaintiff the sum of $75 to apply on his indebtedness to plaintiff. Koch refused to pay the order, for the reason that the defendants had taken possession of the belt. On October 18, 1922, Graue and Koch each assigned to the plaintiff all claims which they had or might have against the

defendants for the taking of the belt. Thereupon plaintiff duly demanded from the defendants the return of the belt or its value, which was refused, and this action followed.

It is contended on behalf of appellant that the belt in controversy was covered by the mortgage, upon the theory that it was an article of repair, and as such became a part of the mortgaged property, under the doctrine of accession. Reference to the mortgage discloses that there are 9 separate and distinct items of personal property described therein, each going to make up the threshing outfit, of which the drive belt was one.

The belt in no manner became united with any other part of the outfit, but remained independent and separate from all other parts. It was in no sense an article of repair. It is common knowledge that, as a general rule, such belts are not manufactured by the same company as other parts of a threshing outfit, nor included in a sale of such, unless specifically named. No mention is made in the mortgage to the effect that any after-acquired items were to be included in or covered by the mortgage. The general rule is that, to include after-acquired property in a chattel mortgage, it must be expressed by words in the instrument sufficiently clear to show such to be the intent of the parties. Montgomery v. Chase, 30 Minn. 132, 14 N. W. 586. It follows that the belt purchased two years after the giving of the mortgage was not covered thereby.

Affirmed.