## GEORGE P. WATSON v. KOOCHICHING REALTY COMPANY AND OTHERS.[1]

March 19, 1926.

No. 25,080.

**Language of chattel mortgage construed as including property subsequently acquired.**

1. The language of the clause describing the property covered by chattel mortgage referred to in the opinion discloses the intention of the parties to include property subsequently acquired by the mortgagor for use in his newspaper and job printing plant.

[1]Reported in 208 N. W. 11.

**Notice of sale sufficient information that all equipment of printing business would be sold.**

2. The notice of the sale of the property on the foreclosure of the mortgage under a power of sale was sufficient to advise prospective bidders that all appliances and equipment used by the mortgagor in his newspaper and job printing business would be sold.

**Failure to sell each article separately not an oppressive exercise of power of sale.**

3. In foreclosing the mortgage, the mortgagee did not exercise the power of sale oppressively or unfairly by selling more of the mortgaged property than was reasonably necessary to protect his interests.

**Sale for inadequate price not enough to invalidate sale.**

4. Mere inadequacy in the price for which the property was sold was not enough to invalidate the sale.

Chattel Mortgages, 11 C. J. pp. 501 n. 26, 27; 707 n. 92; 708 n. 19; 710 n. 45; 711 n. 75.

Action in the district court for Koochiching county for conversion of property sold on foreclosure of chattel mortgage. The case was tried before McClenahan, J., who ordered judgment in favor of defendants. Plaintiff appealed from the judgment. Affirmed.

*J. H. Brown*, for appellant.

*W. V. Kane* and *Jevne & Blomholm*, for respondents.

LEES, C.

Action for damages for the alleged conversion of property, mortgaged by plaintiff, after a sale thereof on the foreclosure of the mortgage.

The property consisted of the machinery, equipment and stock in trade of a newspaper and job printing establishment at International Falls. It was given in October, 1916, to secure a debt of $6,286.15, and was foreclosed by the Koochiching Realty Company, the assignee thereof, by virtue of the power of sale contained therein. Notice of sale was given in January, 1923, the plaintiff

having defaulted in the payment of $4,387.62 then due as principal and interest. A public sale was had and the property purchased by the defendant Jevne, who resold it to the defendant Miner. The defendant Reidy is the sheriff of Koochiching county and conducted the sale. The case was tried by the court, the findings being in favor of the defendants. This appeal was taken from the judgment entered thereon.

Plaintiff attacks the foreclosure sale on the following grounds: (1) That some of the property sold was acquired subsequent to the execution of the mortgage and was not covered thereby; (2) that the notice of sale was fatally defective in that it did not correctly describe the property offered for sale; (3) that the property was sold in bulk, more than enough to satisfy the debt being sold; (4) that it was sold for a grossly inadequate price.

1. In the absence of an express provision that after-acquired property is to be included in a chattel mortgage, the mortgage will not cover such property. Montgomery v. Chase, 30 Minn. 132, 14 N. W. 586; Campbell Imp. Co. v. Nelson, 159 Minn. 163, 198 N. W. 401.

But whenever the parties by their contract in clear terms express an intention to create a lien upon property to be subsequently acquired by the mortgagor, as against him the mortgage attaches as a lien as soon as he acquires the property, precisely as if it had belonged to him when the mortgage was executed. Ludlum v. Rothschild, 41 Minn. 218, 43 N. W. 137; Hogan v. Atlantic Elev. Co. 66 Minn. 344, 69 N. W. 1; St. Paul Elec. Co. v. Baldwin Eng. Co. 159 Minn. 221, 199 N. W. 9.

The property described in the mortgage is listed in 16 separate items. The first 11 make no reference to after-acquired property; in the others, the specific description is followed by the words: "Now used or which may hereafter be acquired for use in the newspaper and job printing office of the International Falls Press," or by words of like import. At the end of the description, these words appear:

"It being expressly understood by the parties hereto * * * that in case of the foreclosure hereof for default, that each and every piece of machinery or type or thing of any description used in the equipment of said newspaper and job printing establishment shall be deemed as described and included herein."

About two months after the mortgage was executed, a fire destroyed some of the articles mortgaged, but plaintiff replaced them from time to time. Unless the language of the mortgage is broad enough to cover replacements and other subsequently acquired property, the sale thereof was unauthorized and an action of conversion will lie.

The language of the description shows clearly enough that the parties intended to extend the lien of the mortgage to property subsequently acquired for use in the printing plant. The subject of the mortgage was the equipment and appliances of a going business enterprise. The parties did not intend to separate one machine from another or break up the plant into its constituent parts in mortgaging it. They intended that everything in the plant should be dealt with as a unit.

The first point raised in plaintiff's behalf must therefore be overruled.

2. In the notice of sale the property is described exactly as it is in the mortgage. The eleventh item in the mortgage is "One Mergenthaler No. 5 linotype." The evidence shows that after the fire this machine was replaced by a No. 8 Mergenthaler linotype. Other property subsequently acquired was not specially mentioned in the notice, and the question is whether the notice was bad for this reason.

The purpose of the notice is to inform the public of the sale in order to attract bidders and secure a fair price. The notice given advised anyone interested in the purchase of a newspaper and job printing plant in International Falls "that each and every piece of machinery * * * used in the equipment of said newspaper and job printing establishment * * * will be sold pursuant to the power of sale in said mortgage." Anyone reading the notice

would know of what the property consisted and could not fail to understand that everything comprising the newspaper and job printing plant would be offered for sale. In these circumstances, it cannot be held that bidders might be misled as to the identity of the property, and we hold that the notice was sufficient.

3. The statute regulating foreclosure sales of mortgaged chattels does not require each article mortgaged to be sold separately. Plaintiff cites Stromberg v. Lindberg, 25 Minn. 513, in support of his contention to the contrary. It was there held that when the mortgagee forecloses under a power of sale, he occupies the position of a trustee for the mortgagor and is bound to exercise good faith and proper diligence to avoid any sacrifice of the mortgagor's rights not necessary to the reasonable enforcement of his own; he may take possession of the whole property but, if he can satisfy his debt by a sale of a portion of it without prejudice or great inconvenience to himself, and the interests of the mortgagor require it, he must sell no more than necessary to satify the debt. In the case cited the mortgagee knowingly took much more of the wheat covered by the mortgage than was necessary to satisfy the debt and the costs of foreclosure. His purpose was to obtain money at the sale with which he could satisfy an unsecured as well as the secured debt. Manifestly this was an attempt to make an oppressive use of the power of sale, and the mortgagee was properly held liable to the mortgagor for the loss he suffered. The case is clearly distinguishable from the one at bar.

A commodity like wheat, of which each bushel has a definite market value, is not to be compared with the machinery and appliances which go to make up a printing plant, the value of which consists largely in its being dealt with as a whole. It is a matter of common knowledge that property of the latter description cannot be sold to good advantage unless it is sold as an entirety. Obviously plaintiff would have gained no advantage if each of the articles mortgaged had been offered for sale separately.

4. The property brought $4,507.47 at the sale. The court found that its value was about $11,000. These facts furnish the basis

for plaintiff's fourth contention. In Oswald v. O'Brien, 48 Minn. 333, 51 N. W. 220, the court said: "While gross inadequacy of price, coupled with other circumstances, may be strong evidence of fraud, yet, especially where the sale was at public auction, it is not, of itself alone, sufficient ground for holding a sale void." A mortgagee must sell the mortgaged property fairly and should try to get an adequate price for it. This rule is the logical result of the principle generally applicable to those who act as trustees for others. But mere inadequacy of price obtained at the sale is not sufficient to establish fraud or unfair practices which will invalidate the sale. 11 C. J. pp. 708, 711. Good faith and fair dealing are all that is required.

The fact that inadequacy of price is the usual consequence of a forced sale of property was referred to in Oswald v. O'Brien, supra. Many foreclosure sales of mortgaged property under powers would have to be set aside if the mere fact that the price was less than the value of the property was a sufficient reason for annulling the sale. The mortgagor can usually protect himself by bidding or procuring others to bid in order to prevent the sacrifice of the property.

Judgment affirmed.