JOHN W. SNYDER, INC., Plaintiff, *v.* JONAH J. AKER, Defendant.

Supreme Court, Montgomery County. July 15. 1929.

*Harry V. Borst*, for the plaintiff.

*Burritt B. Johnson*, for the defendant.

BREWSTER, J. The stipulated facts are, briefly, as follows: On December 20, 1927, the defendant sold and delivered to one China three automobile trucks under written contracts of conditional sale, which were duly filed where the purchaser resided eight days later. When sold and delivered, these trucks were all fully equipped with tires and inner tubes mounted on their wheels. Shortly after the sale and before the contracts were filed, the defendant assigned them to another, viz., Official Purchase Corporation, and guaranteed payment of all deferred payments as specified therein, and covenanted that in default of payment or performance he would pay the full amount remaining unpaid to the assignee upon demand. On August 2, 1928, the plaintiff delivered to China two tires and two tubes, and on August sixteenth following three tires and three tubes for use upon said trucks or some of them. This transaction was evidenced in writings that, while termed " Lease Agreement," were in effect contracts of conditional sale, and they were never filed. On August 27, 1928, China being then in default on his contracts for the purchase of the trucks, the Official Purchase Corporation seized, possessed and advertised them for sale on September 12, 1928. At this time China had made but a few payments on account of his purchase from plaintiff of the said tires and tubes which were then mounted on the wheels of the trucks and were seized and possessed by the conditional vendor of the trucks as aforesaid. After their seizure on August twenty-seventh, and before the sale on September twelfth, plaintiff demanded of the Official Purchase Corporation and of the defendant its said tires and tubes, and it is stipulated that the defendant had knowledge prior to September 12, 1928, " that plaintiff claimed to be the owner of said tires and tubes and that plaintiff elected under the terms of " plaintiff's contracts with China " that the said rental payments should become due." The sale followed on the advertised day at which the trucks and the tires and tubes in question were all sold at auction to the defendant.

The action is in replevin, and two questions are presented: When the Official Purchase Corporation seized and possessed itself of the trucks, did it as a creditor of China thereby acquire a lien by attachment or levy upon the tires and tubes of the plaintiff which were then mounted upon the said trucks, so as to render plaintiff's conditional sale agreements with China void both as to it and the defendant who later purchased them? My answer is in the negative. In the first place, I do not consider that the taker of

the goods was, at the time of the seizure, a creditor within the meaning of the statute (Pers. Prop. Law, § 65, as added by Laws of 1922, chap 642). It does not appear that the conditional vendor of the trucks ever brought an action against China to recover on account of their purchase price, and hence not until there had been a resale could it be determined whether the taker of the goods would be a creditor of China, and a taking without a resale in compliance with the statutory requirements would discharge China's obligations to the taker. The taker's status as a creditor was thus contingent upon conditions subsequent, which, in passing, it seems never arose. This, for the reason that it appears from the facts stipulated no resale of the trucks was had in pursuance of the statutory requirements (Pers. Prop. Law, §§ 79, 80, 80-b, 80-c, as added by Laws of 1922, chap. 642), since only sixteen days elapsed after the seizure inclusive of the day of sale. In the next place, I fail to see how the Official Purchase Corporation, by the mere act of repossessing the trucks under its conditional sale contracts, thereby acquired a lien thereon by *levy* or *attachment* within the meaning of the statute (Pers. Prop. Law, § 65). It could not thereby acquire any lien on the trucks and equipment that was the subject-matter of the sale, for as to these it already owned the legal title. Anomalies multiply at the thought of ever securing a lien upon that which he already owns. (*Earle* v. *Robinson*, 91 Hun, 363; affd., 157 N. Y. 683; *Nelson* v. *Gibson*, 143 App. Div. 894.) *A priori*, neither could the mere exercise of the reserved right to retake its own property create a lien upon the property of a third party. The acquisition by *levy* or *attachment* of a lien upon property sold under a contract of conditional sale is a purely statutory permission applicable to the contingency of a non-notice of the condition (*Baker* v. *Hull*, 250 N. Y. 484), and, as I understand it, the *levy* or *attachment* requisite to the creation of the lien must be one evidenced by judicial process at the suit of a creditor.

Defendant also contends that the delivery by plaintiff to China of the tubes and tires in question, along with the fact that they were purchased for these particular trucks and were mounted upon them for use to take the place of those that were upon the trucks when the latter were originally sold to China, constituted them integral parts of the trucks, so that title thereto became vested in the conditional vendor as an increase of the goods, under the sanction of section 80-g of the Personal Property Law (as added by Laws of 1922, chap. 642). I cannot agree with this. Plaintiff's contract for conditional sale of the tires and tubes, though not filed, was valid as to the Official Purchase Corporation, it

not being a purchaser of nor having acquired a lien upon that property within the meaning of the statute (Pers. Prop. Law, § 65). Thus this contractual act of the parties to the sale and purchase of the tires and tubes precludes their classification as an increase of the goods to which they were attached. Defendant's further contention that, regardless of the statute, the mere attachment of the plaintiff's goods to the trucks merged their identity into the vehicles so as to vest title thereto in the conditional vendor of the trucks, is without authority so far as I have found, and, at all events, the fact of plaintiff's reservation of title destroys the force of this novel argument.

The defendant became the purchaser of the property in question, but as I understand the stipulation of the parties, he had prior to his purchase actual notice of the provision in plaintiff's contract with China, whereby it had reserved its title to the property and accordingly that he does not claim a title as a purchaser under section 65 of the Personal Property Law.

The parties have also stipulated that the fair market value of the tires and tubes in question at the time plaintiff demanded them of the defendant was $350 inclusive of damages for withholding, and, for the reasons aforesaid, my opinion is that the plaintiff is entitled to judgment against the defendant for the return of said tires and tubes and in the alternative for the sum of $350 with interest from the time of plaintiff's demand for the return, together with the costs of this action.

Settle decision on notice, and on the day of settlement either party may submit requests to find.