CLARENCE J. BOUSQUET *vs.* MACK MOTOR TRUCK
COMPANY.

Berkshire.     September 17, 1929. — November 26, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Sale*, Conditional. · *Conversion. Accession of Chattel.*

A vendor who, upon default by the vendee under a contract of conditional
sale of a motor truck, took possession of the truck and of solid truck
tires which had been placed thereon by the vendee after he had pur-
chased them under a contract of conditional sale from another vendor, is
liable, in an action of tort for conversion, to the vendor of the tires if he
refuses to comply with his demand for the tires made after default by
the vendee under the tire contract, where it appears that the tires could
be detached from the truck without destruction or injury to it although
many parts had to be removed and replaced in the operation.
In the circumstances above described, the doctrine of accession of chattels
did not apply.

CONTRACT OR TORT with a declaration as amended in two
counts.    Writ dated May 16, 1927.

At the trial in the Superior Court before *Burns*, J., the
plaintiff waived the first count of the amended declaration
and rested solely upon the second count, which was for
conversion.    Material evidence is described in the opinion.
At the close of the evidence, the defendant moved that a
verdict be ordered in its favor.    The motion was denied.
There was a verdict for the plaintiff in the sum of $493.90.
The defendant alleged exceptions.

*F. Wingersky,* for the defendant.

*F. M. Myers,* for the plaintiff.

WAIT, J.    The plaintiff sues to recover the value of two
solid truck tires which he sold one Helmerich on September
21, 1926, by conditional sale, retaining title until full pay-
ment was made.    Helmerich had purchased a truck from
the defendant by contract of conditional sale on February
20, 1926, the defendant retaining title until full compliance
with the conditions of the contract, with a right of repos-

session in case of default. Helmerich made default on September 20, and on October 1 the defendant took possession of the truck. The tires were placed upon this truck before the repossession, and before Helmerich defaulted in payment under the contract for their purchase. Helmerich defaulted on the tire contract on October 5, 1926. The plaintiff after October 5 made demand on the defendant for return of the tires, offering to put back the tires which had been removed from the truck. The defendant refused to return them or to permit the plaintiff to take them. After a verdict for the plaintiff, the defendant contends there was error in the denial of a motion for directed verdict in its favor, and in the refusal to instruct the jury as requested.

The essential question is whether the defendant took title to the tires upon their attachment to the truck. No case deciding the exact point has been called to our attention. The question was left undecided in *Blackwood Tire & Vulcanizing Co.* v. *Auto Storage Co.* 133 Tenn. 515. In *Clark* v. *Wells*, 45 Vt. 4, one who had attached new wheels and axles to a wagon body sold on conditional sale was allowed to recover them from a purchaser from the vendor of the wagon who had taken possession of the wagon.

We think it plain that one who attaches tires which he does not own to a motor truck which he does not own does not thereby pass title in the former to the owner of the latter. The doctrine of accession of chattels does not help the defendant. That doctrine applies where something is added to, attached to, or mixed with something else so that it cannot again be separated without the destruction or serious injury of the whole so formed. In such circumstances it is held that the owner of the thing to which accession has been made becomes owner of the things added. *Sumner* v. *Hamlet*, 12 Pick. 76, 83. Compare *Perkins* v. *Bailey*, 99 Mass. 61.

Automobile tires such as were here dealt in can be detached from an automobile without destruction or injury to it, even where, as here the evidence tended to show, many parts have to be removed and replaced in the operation.

It is established law that a conditional vendee cannot

pass title in the subject of the sale even to a *bona fide* purchaser without notice. *Wentworth* v. *S. A. Woods Machine Co.* 163 Mass. 28. *C. B. Cottrell & Sons Co.* v. *Carter, Rice & Co.* 173 Mass. 155. *Lynn Morris Plan Co.* v. *Gordon,* 251 Mass. 323. The defendant, therefore, acquired no title against the plaintiff, the true owner of the tires. When possession of the truck was taken, the defendant was acting within its rights. By its contract with Helmerich it was authorized to take possession not only of the truck but also of parts added to it by him, and as at that moment Helmerich was not in default on his contract with the plaintiff, the latter could not dispute its possession. When, however, default on the tire contract occurred, the plaintiff became entitled to possession of the tires, and a refusal on the part of the possessor to deliver them up to their true owner upon his demand was a conversion. *DeYoung* v. *Frank A. Andrews Co.* 214 Mass. 47.

The requests for instructions need not be discussed in detail. What has been said covers their subject matter sufficiently. We find no reversible error.

*Exceptions overruled.*