[L. A. No. 12239. In Bank.—September 26, 1930.]

D. Q. SERVICE CORPORATION (a Corporation), Appellant, v. SECURITIES LOAN & DISCOUNT COMPANY (a Corporation), Respondent.

Pacht, Pelton & Warne and William W. Leavitt for Appellant.

Henry G. Bodkin for Respondent.

WASTE, C. J.—This cause was originally and properly appealed to the District Court of Appeal (285 Pac. 335, 286 Pac. 470) prior to the amendment of the "Act authorizing the establishment of municipal courts, etc.," effective August 14, 1929 (Stats. 1929, p. 837). That court, however, of its own motion, made and entered an order dismissing the appeal for lack of jurisdiction on the ground that the amendment should be given a retroactive effect, thereby working a dismissal of this and other pending appeals which had been perfected before the effective date of the change in the law. Our views upon the jurisdictional question involved are fully set forth in the case of *Berg* v. *Traeger* (L. A. No. 12238), *ante*, p. 323 [292 Pac. 495], this day filed. We need only direct our attention, therefore, to the merits of the appeal in this cause.

Plaintiff seeks to recover $430.10 as damages for the alleged conversion of two automobile truck tires. The answer denies the material allegations of the complaint, and by way of affirmative defense alleges that defendant's assignor, as lessor, had entered into a lease or conditional sales contract with one Lockhart, as lessee, for the sale and purchase of a five-ton autotruck; that, among other things, the contract provided that any accessories added to the property or improvements made thereon should become part of the property and in the event of the termination of the lease for default of lessee should not be removed from the property, but should belong to the lessor; that during the

lessee's possession of the truck, and prior to his performance of the conditions of the contract, the plaintiff, at the lessee's request and with full knowledge of the terms of the contract, removed from the truck, without the defendant's consent, two tires then attached thereto, and placed thereon the two tires here in dispute, which thereupon became a part and parcel of the truck, and became the property of the defendant. The trial court's findings follow closely the allegations of defendant's affirmative defense, with the addition of a finding to the effect that the two tires in dispute cannot be removed without detriment to the truck. Judgment was entered for the defendant.

The plaintiff appeals and urges, in substance, that it had sold the two tires to the lessee Lockhart under a conditional sales contract, retaining title to the tires in itself until full payment had been made therefor, and that at the time defendant repossessed itself of the truck and "converted" the tires Lockhart had not fully paid for them. From this premise appellant argues that it is still the owner of the tires and cannot be divested of title thereto by the provisions of the lease contract between defendant and Lockhart to which it is not a party, citing, among others, *Meister etc. Co.* v. *Harrison,* 56 Cal. App. 679 [206 Pac. 106], *Clark* v. *Johnson,* 43 Nev. 359 [187 Pac. 510], and Berry on Automobiles, 5th ed., sec. 1593. These authorities support the contention of appellant as a general rule of law applicable in cases in which the title to the accessories and replacements had not passed to the purchaser of the automobile, but are not strictly applicable to the situation here presented. If the appellant had placed the tires on the truck in ignorance of the provisions of the auto-lease contract, there would be no doubt as to its immediate right to recover in this action; but, in support of the findings, it appears from the evidence that, before attaching the tires to the truck, the appellant was told by Lockhart that the truck was not paid for but was being bought under a lease contract with the defendant, to whom appellant was referred; and there is evidence that appellant sought to have the respondent finance the sale of the tires to Lockhart, but was refused, and that appellant was also notified by the respondent that the tires put on the truck would be claimed by respondent and would not be allowed to be removed.

■ The allegations of the respondent's affirmative defense and the findings apparently proceed upon the theory of an estoppel, but it is not alleged, proved, or found that the respondent was in any way injured by any act of appellant. The finding that the tires cannot be removed without detriment to the truck fails to supply one element essential to support an estoppel. There is uncontroverted evidence to the effect that at the time the appellant attached its tires to the truck wheels the vehicle was in need of new tires, the old ones having "worn out." Therefore, the removal of the tires furnished by the appellant will leave the truck in substantially the same condition that it was prior to their attachment, and the respondent will not suffer any injury. The cause must, therefore, go back for a second trial in order to permit the trial court to determine, upon competent evidence, whether or not the respondent in any way altered its position to its detriment in relying upon the appellant's apparent abandonment of title.

The judgment is reversed, with directions to the court below to proceed as herein outlined.

Preston, J., Seawell, J., Richards, J., Shenk, J., Curtis, J., and Langdon, J., concurred.

Rehearing denied.