The plaintiff in error contends that replevin does not lie in favor of the chattel mortgagee against an artisan with a valid common-law lien. Its argument is that replevin is a proceeding on behalf of the owner for recovering possession of his own, and since the gist of the action is the right to possession, the artisan who has a right to possession under his common-law lien cannot be forced to surrender possession in the replevin action. Moreover, it claims that the artisan's lien is cut off if replevin lies.
We do not agree with this contention. If the chattel mortgagee in a replevin action secures possession of the property, that fact cannot deprive the artisan of his claim to a lien for work and labor expended upon the machine. His lien is not destroyed by the removal of the chattel property from his possession without his consent. 17 Ruling Case Law, 607;Gardner v. LeFevre, 180 Mich. 219, 146 N.W. 653, Ann. Cas., 1916A, 618. In this case, upon the trial, the judge directed the jury to find that the title to the automobile was in the plaintiff, but that the defendant *Page 172 
had a lien thereon for the balance due on account. This judgment was affirmed. It is only a voluntary surrender of possession which deprives the lien claimant of his right to enforce his lien by proper proceedings.
Moreover, the mortgagor could not contract a debt giving rise to a lien upon the mortgagee's property without the mortgagee's authority.
As stated in the case of Storms, Admx., v. Smith, 137 Mass. 201, by Justice Holmes: "If a mortgagor in possession of personal property removes and stores it with a third person, who has no actual notice of the mortgage, which is recorded, the mortgagee, who afterwards is informed of the removal and storing, and expresses no disapproval of the same, is not liable to such person for the charges for storage, although the storage is necessary for the preservation of the property, but may maintain an action against him for its conversion."
Justice Holmes, in the opinion, says: "The mortgagor of the chattels was personally liable to the defendant for their storage, and he could not subject the mortgagee's interest to a lien in support of his debt without the mortgagee's authority. The mortgagee had given no authority other than what was to be implied from his allowing the mortgagor to remain in possession of the mortgaged goods, coupled with the fact that it was necessary that the goods should be stored somewhere to prevent their destruction. If these circumstances were enough to support the defendant's claim, every mortgagor in possession of perishable goods would have power to create a paramount lien upon them, although the proviso against suffering them to be attached, or attempting *Page 173 
to sell or remove them in the form of chattel mortgage commonly used, indicates pretty clearly that no such power is intended to be given. But these circumstances are not enough. The mortgage was recorded, and the defendant therefore had notice of it. Hence he was not at liberty to assume that the mortgagor had an absolute jus disponendi from his possession alone; and, if storage was necessary, he was chargeable with notice that the plaintiff had a right to judge for himself where it should be, if his interest was to be charged with the cost."
It was held in the case of Metropolitan Securities Co. v.Orlow, 107 Ohio St. 583, 140 N.E. 306, 32 A. L. R., 992, that the chattel mortgagee in a foreclosure proceeding has a prior claim to a mechanic who claims possession of an automobile under an artisan's lien.
Since the lien of the chattel mortgage is superior to the lien of the garageman, and the right of the artisan to claim a lien upon the proceeds of sale is not extinguished by the involuntary loss of possession, we affirm the judgment of the Court of Appeals.
Judgment affirmed.
MARSHALL, C.J., JONES, DAY and KINKADE, JJ., concur.
ROBINSON, J., concurs in propositions 1, 2 and 3 of the syllabus, but dissents from proposition 4 and the judgment. *Page 174