GENERAL MOTORS TRUCK COMPANY *v.* KENWOOD TIRE COMPANY.

[No. 14,242.   Filed January 29, 1932.]

*Miller & Miller, Samuel D. Miller, Sidney S. Miller* and *Lou A. Robertson,* for appellant.

*Solomon A. Bortz* and *Alexander Belle,* for appellee.

KIME, J.—The appellee had sold two truck tires to one Cornett under a conditional-sales contract retaining title to itself until full payment had been made therefor. These tires were placed upon a truck the appellant had sold to Cornett under a conditional-sales contract retaining title in itself, which contract contained the further provisions that "the seller may, without demand or notice (demand and notice being hereby waived) take immediate possession of all said goods or any part thereof, including any equipment, additions or accessories thereto, and the seller, its agents, attorneys and employees may enter upon the premises of buyer or the premises wherever said goods or any part thereof may be located and remove said goods," etc.

Default was made in the contract of appellant and the truck was repossessed. The appellee then sued the appellant for conversion. The appellant alleged by way of second paragraph of answer the conditional-sales contract, and claims the tires under the doctrine of accession. The trial court rendered judgment for the appellee. The appellant assigns as error that the court erred in overruling its motion for a new trial, assigning as reasons therefor: (1) That the decision of the court is not sustained by sufficient evidence; (2) that the decision of the court is contrary to law.

The doctrine of accession is well stated in 2 Berry, Automobiles (6th ed.) 1929, §1806, as follows: "Where

the seller of an automobile under a contract of conditional sale retakes the automobile upon default of the buyer to keep the terms of the contract, he is entitled to any tires or other replacements which the purchaser placed on the machine while it was in his possession, *provided the title to such parts passed to the purchaser when he acquired them.*" (Our italics.) The section continues: "Where, however, such equipment is furnished by a third person, in whom title remains, they do not belong to the conditional seller upon retaking the car under a contract recognizing that such equipment is separable and not accessions," citing *Clarke* v. *Johnson* (1920), 43 Nev. 359, 187 Pac. 510.

"Ordinary repairs on a personal chattel, such as new bolts, nuts, thills and the like, become accretions to, and merge in, the principal thing, and become the property of the general owner.

" 'When property can be easily distinguished and separated, no change of property takes place, provided the separation can be made without injury to the thing attached.' "

3 Blashfield, Encyclopedia of Automobile Law, p. 2370, is to the same effect, calling attention to the fact that, where the article is bought on open account or otherwise where the title passes immediately, accession takes place, citing *Blackwood Tire, etc., Co.* v. *Auto Storage Co.* (1915), 133 Tenn. 515, 182 S. W. 576, L. R. A. 1916E 254, Ann. Cas. 1917C 1168. Further annotations which recognize the exceptions here involved are given in 4 Blashfield, Encyclopedia of Automobile Laws, citing *Motor Credit Co.* v. *Smith* (1930), 181 Ark. 127, 24 S. W. (2d) 974; and *John W. Snyder, Inc.,* v. *Aker* (1929), 134 Misc. Rep. 721, 236 N. Y. Supp. 28. See, also *Bousquet* v. *Mack Motor Truck Co.* (1929),

269 Mass. 200, 168 N. E. 800.  The *Arkansas Case, supra,* is reported in 68 A. L. R. 1239, where other sustaining authorities are given.

The doctrine here laid down has been held to the exact situation of the case at bar where the contract of conditional sale of the truck provides that accessories added or improvements made become part of it, if the third person selling such material is in ignorance of the provision concerning accessories.  *D. Q. Service Corp.* v. *Securities Loan, etc.* (1930), 210 Cal. 327, 292 Pac. 497.

The *New York Case, supra,* even goes so far as to hold that, even though the conditional vendor of the tires had actual knowledge of the provisions of the conditional-sales contract as to the truck, the result would be the same.  That is not the case at bar, however, and we are not inferentially, by citing this case, approving it to that extent nor intimating that such would be our conclusion if it was presented.

Applying the above authorities to the facts here, it is our conclusion that the vendor of property under a conditional-sales contract can recover such property when placed upon other personal property purchased under a conditional-sales contract where the same can be conveniently detached and has not become an integral part of the property to which it is attached.

The judgment of the lower court is therefore affirmed, and it is so ordered.