## GOODRICH SILVERTOWN STORES OF B. F. GOODRICH COMPANY v. PRATT MOTOR COMPANY.[1]

November 6, 1936.

No. 31,035.

[1]Reported in 269 N. W. 464.

260

*Wright, Hosp & Wright,* for relator.

*George A. French* and *Junell, Driscoll, Fletcher, Dorsey & Barker,* for respondent.

I. M. OLSEN, JUSTICE.

Defendant, relator here, brings *certiorari* to review a judgment in favor of the plaintiff, respondent here, entered in the municipal court of the city of Minneapolis in this action, which had been transferred or appealed from the conciliation court of said city to the municipal court.

One Harold G. Ordeman purchased from the defendant on February 4, 1935, a secondhand automobile and gave to defendant a chattel mortgage thereon to secure $95 of the purchase price, which mortgage was duly filed. Some months thereafter Ordeman, while in possession of the automobile so purchased from defendant, apparently needed a new battery and some new casings for the auto-

mobile. He purchased the same from the plaintiff under conditional sales contracts, which contracts, in usual form, reserved title to the property in the plaintiff until payment should be made by Ordeman of the purchase price thereof. The casings and battery were placed upon the automobile. The conditional sales contracts were duly and properly filed. Ordeman defaulted in payments on the chattel mortgage and on the conditional sales contracts. For the purpose of foreclosing its chattel mortgage, defendant took possession of the automobile, with the battery and casings purchased from plaintiff attached thereto. Thereupon, and prior to the commencement of this action, plaintiff demanded of the defendant the possession of the battery and casings under its conditional sales contracts. Defendant refused to surrender the same to the plaintiff. Plaintiff then brought this action in the conciliation court to recover the battery and casings or the value thereof. There was a decision in favor of the defendant, and plaintiff thereupon duly removed the case, in the manner by statute provided, to the municipal court. In the municipal court the action was tried on a stipulation of facts, and that court reversed the decision of the conciliation court and ordered and entered judgment in favor of the plaintiff.

Defendant contends that the battery and casings here in question, having been attached to the automobile as stated, became subject to its chattel mortgage under the rule of accession, and therefore the municipal court erred in ordering and entering judgment in plaintiff's favor. Defendant's chattel mortgage contains the usual provision mortgaging the automobile therein described, "together with all added and substituted parts and equipment placed upon the property during the life of this mortgage, whether because of necessity, repairs or otherwise."

The question then presented is whether the battery and these casings, purchased by Ordeman some months after he had purchased the automobile and given a chattel mortgage thereon, became subject to the defendant's chattel mortgage. We think the general rule is quite well settled that, where the articles later attached to an automobile or other principal article of personal

property become so closely incorporated with the principal article that they cannot be identified and detached therefrom without injury to the automobile or other principal article, such articles become a part of the machine or principal article to which they are so attached and will pass by accession to the one having a chattel mortgage or other lien upon the principal article, if the lien is enforced. But when the articles added can be readily identified and detached without injury to the principal machine or article, they do not pass by accession to the one having a prior chattel mortgage or lien on the principal article. Note to 68 A. L. R. p. 1243; Clark v. Wells, 45 Vt. 4, 12 Am. R. 187; Motor Credit Co. v. Smith, 181 Ark. 127, 24 S. W. (2d) 974, 68 A. L. R. 1239; Bousquet v. Mack Motor Truck Co. 269 Mass. 200, 168 N. E. 800; Clarke v. Johnson, 43 Nev. 359, 187 P. 510; Netzorg v. National Supply Co. 28 Ohio C. C. 112; Union Naval Stores Co. v. United States, 240 U. S. 284, 36 S. Ct. 308, 60 L. ed. 644; General Motors Truck Co. v. Kenwood Tire Co. 94 Ind. App. 25, 179 N. E. 394; Campbell Implement Co. v. Nelson, 159 Minn. 163, 198 N. W. 401. It should be noted here that Ordeman did not get title to the battery and casings. Title remained in the plaintiff, vendor, under the provisions of the conditional sales contracts.

The clause in defendant's chattel mortgage covering "added and substituted parts and equipment placed upon the property during the life of this mortgage" does not, as against one who furnished the casings and battery to the owner of the automobile under conditional sales contracts, subject such added parts to defendant's chattel mortgage. The facts stipulated are that these articles can be removed from the automobile without injury or damage to either the automobile or the casings or battery. As between defendant and Ordeman, the casings and battery would be held to become subject to the defendant's chattel mortgage; but as to persons like this plaintiff, who had sold these items to Ordeman on conditional sales contracts, the defendant's mortgage attached only to the actual interest acquired by Ordeman under such sales contracts. United States v. New Orleans Railroad, 12 Wall. 362, 20 L. ed. 434. The case of Watson v. Koochiching Realty

Co. 166 Minn. 383, 208 N. W. 11, and other cases cited by defendant, go only to the extent that, as against the mortgagor in such a chattel mortgage, the lien attaches. Such lien does not attach where the mortgagor never has received title to the subsequently attached property and has received the same only under a conditional sales contract reserving title in the vendor.

■ The defendant argues to some extent that both Ordeman and the plaintiff were at fault and acted unlawfully in removing the two old casings and the battery from the car and replacing them with the new casings and battery. We would rather assume that the casings and battery were replaced because the old casings and battery were worn out and had ceased to be safe for use on the car. However that may be, the stipulation of facts in the case does not show that anything was removed from the car or in what condition the old casings and battery were at the time. We find nothing in this contention requiring further consideration.

Under the evidence and stipulation as presented here, the municipal court was right in granting judgment in favor of the plaintiff.

Judgment affirmed.

[1]Reported in 269 N. W. 469.