GOODRICH SILVERTOWN STORES OF B. F. GOODRICH CO., APPELLANT, *v.* F. M. RUGG MOTOR SALES CO., APPELLEE.

(Decided September 18, 1939.)

*Mr. Franklin Southard* and *Mr. F. C. Leslie,* for appellant.

*Messrs. McDonald & McDonald,* for appellee.

SHERICK, P. J.   In 1936, appellee, the F. M. Rugg
Motor Sales Company, sold an automobile to one
Goltrie.  Contemporaneous therewith Goltrie executed
and delivered to appellee a chattel mortgage to secure
a portion of the purchase price.  The mortgage was
promptly filed for record.  Goltrie was given posses-
sion of the car.  The mortgage speaks no word con-
cerning subsequent accessions to the car, if that fact is
of importance, which we think it is not.

Thereafter, in 1937, at the request of the mortgagor,
appellant sold Goltrie four tires.  This contract of
sale was a conditional retain-title one.  It was
promptly filed with the county recorder.  Appellant
placed these tires on the car, retaining the old ones,
for which Goltrie was given a credit upon his pur-
chase.  Appellant, of course, had constructive notice
of the existing mortgage, but no actual notice appears
from the pleadings or agreed statement of facts.  We
question the importance of any matter of notice.

Thereafter the appellee repossessed the car, with-
out legal process, if the latter fact is material.  Goltrie
was in default on his contracts with both of his ven-
dors.  As shown by the agreed facts, appellant offered
to return the car's original tires to the appellee and
demanded return to it of its tires furnished Goltrie.
This was refused.  Appellee has sold the car with the
tires claimed by appellant.

By this action, first begun in the Municipal Court of
Newark, plaintiff, appellant here, seeks return of its
tires or their value in money, which is stipulated to
be in the sum of $50.  The Municipal Court rendered
judgment in appellant's favor.  Upon appeal to the
Court of Common Pleas on a question of law, that
court reversed the judgment, and from its conclusion
appellant now appeals to this court.

The contestants agree that our Supreme Court has
never passed upon the precise question presented,
which is: Is the owner of a chattel mortgage upon a

principal thing entitled by way of accession to replacement thereon of severable parts which may readily be followed and identified and removed without material injury to the principal thing, as against the owner of the severable parts, who has never parted or invested his vendee, the chattel mortgagor, with title?

The doctrine of accession as applied to inanimate things rests upon that which is just. In other words it would be unjust to permit removal of replaced parts of a particular thing under mortgage which would injure or destroy it as a workable chattel. If such a course were countenanced a mortgagee's security, or shall we say title or property, could be impaired without his consent by the act of his mortgagor and a third party. This situation has been clearly recognized by our court of last resort in the case of a materialman for labor and parts upon a motor vehicle, who claimed a lien upon the whole of the principal thing, when the supplied parts could not be removed without material injury to the thing itself. We refer, of course, to *Metropolitan Securities Co.* v. *Orlow,* 107 Ohio St., 583, 140 N. E., 306, 32 A. L. R., 992, and *Cleveland Auto Top & Trimming Co.* v. *American Finance Co.,* 124 Ohio St., 169, 177 N. E., 217, which are in accord with the distinction made in the leading case of *Clark* v. *Wells,* 45 Vt., 4, 12 Am. Rep., 187.

It may be said that the doctrine of accession is a graft upon or exception to one of, the first known rules of property conveyancing, which is, that one cannot convey a greater title to a thing than that which he possesses. This is a sound rule as applied to the conveyance of chattel property. And even though a mortgagor covenants that after-acquired property subsequently attached to the thing mortgaged shall become an inseparable part of the thing conveyed, such covenant cannot convey a title which the mortgagor never had. The mortgagor may bind himself, but not

the property of another subsequently attached to the thing, unless its removal would materially damage the principal thing. In such instances the mortgagee's interests are impaired and his security lost and to deny application of the doctrine of accession would be to countenance injustice.

It is aptly said in *United States* v. *New Orleans Rd.,* 79 U. S. (12 Wall.), 362, 20 L. Ed., 434:

"A mortgage intended to cover after-acquired property can only attach itself to such property in the condition in which it comes into the mortgagor's hands. If that property is already subject to mortgages or other liens, the general mortgage does not displace them, although they may be junior to it in point of time. It only attaches to such interest as the mortgagor acquires * * *."

A note appearing in 68 A. L. R., 1242, wherein the author has collated the pertinent authorities, discloses the great weight of authority to be in accord with the reason herein expressed. We cite an uncalled for number of authorities, only for the purpose of displaying that fact. *Goodrich Silvertown Stores of B. F. Goodrich Co.* v. *Pratt Motor Co.,* 198 Minn., 259, 269 N. W., 464; *Lincoln Road Equipment Co.* v. *Bolton,* 127 Neb., 224, 254 N. W., 884; *Motor Credit Co.* v. *Smith,* 181 Ark., 127, 24 S. W. (2d), 974, 68 A. L. R., 1239; *Clark* v. *Wells, supra; Bousquet* v. *Mack Motor Truck Co.,* 269 Mass., 200, 168 N. E., 800; *Snyder* v. *Aker,* 236 N. Y. Supp., 28, 134 Misc., 721; *Franklin Service Stations* v. *Sterling Motor Truck Co.,* 50 R. I., 336, 147 A., 754; *Clarke* v. *Johnson,* 43 Nev., 359, 187 P., 510; *General Motors Truck Co.* v. *Kenwood Tire Co.,* 94 Ind. App., 25, 179 N. E., 394; *K. C. Tire Co.* v. *Way Motor Co.,* 143 Okl., 87, 287 P., 993; *D. Q. Service Corp.* v. *Securities Loan & Discount Co.,* 210 Cal., 327, 292 P., 497; *Hallman* v. *Dothan Foundry Co.,* 17 Ala. App., 152, 82 So., 642; *Passieu* v. *Goodrich Co.,* 58 Ga. App., 691, 199 S. E., 775; *Tire Shop* v. *Peat,* 115 Conn.,

187, 161 A., 96, and *Firestone Service Stores* v. *Darden* (Tex. Civ. App.), 96 S. W. (2d), 316.

We find but two jurisdictions, Delaware and Tennessee, which apparently have recently held to the contrary, but whose adjudications, predicated on particular facts, seem to us to be readily distinguishable.

We perceive clearly that the stability of chattel-mortgage liens upon automobiles is to be maintained. A mortgagee, however, must anticipate that a mortgagor in possession will use the chattel, that he will travel beyond the confines of his home surroundings, that accidents will happen and replacements become imperative; and the lien holder must expect, upon repossessing his chattel, to find thereon accessories which are identifiable and removable without damage to the principal thing, and to which the mortgagor never had title, because it had been retained by the vendor thereof.

The mortgagee is not without remedy if accessories are removed by another from the principal thing mortgaged; for he may sue that other for conversion of the accessories displaced, because he is entitled to them or the value thereof at time of conversion.

It is reputed to be of common knowledge that seventy-five per cent of motor vehicles are sold subject to mortgage or upon retain-title contracts. It is equally well known that even a higher per cent of tires are sold in like manner. This being true, then countless vendors of accessories who make innumerable retain-title sales to mortgagors in possession are deserving of justice as well as the class which finances automobile sales. Had the law in such cases not been as we find it, we would be constrained to that end in view of the economic necessities now found to exist and which are herein related in part.

It may be understood that the conclusion reached is arrived at without consideration of Section 6290-9, General Code, recently enacted. The judgment of the

Common Pleas Court is reversed and that of the Municipal Court affirmed.

*Judgment reversed.*

MONTGOMERY, J., concurs.

LEMERT, J., dissents.