AMCA INTERNATIONAL FINANCE CORP., f/k/a Koehring Finance Corporation, Respondent,

v.

INTERSTATE DETROIT DIESEL ALLISON, INC., Appellant.

No. Cl–88–624.

Court of Appeals of Minnesota.

Aug. 30, 1988.

Review Denied Nov. 16, 1988.

Thomas A. Egan, Thomas A. Egan Law Offices, Ltd., Burnsville, for respondent.

Marvin A. Liszt, Ince & Liszt, P.A., Minneapolis, for appellant.

Heard, considered and decided by FORSBERG, P.J., and LANSING and SCHULTZ,* JJ.

## OPINION

FORSBERG, Judge.

This is an appeal from a summary judgment in favor of respondent. Respondent sought a money judgment for an engine installed by appellant in a hydraulic excavator owned by a third party and in which respondent had a valid security interest. We reverse.

## FACTS

On July 7, 1986, appellant Interstate Detroit Diesel Allison, Inc. (Diesel) sold an engine that it removed from an excavator in which respondent AMCA International Finance Corporation (AMCA) held a purchase money security interest. AMCA successfully recovered from Diesel the value of the engine, and Diesel appeals.

In 1982, M & F River Towing (River) bought an excavator from the Herman H. Brown dealership. River and Brown entered into a purchase money security agreement. Shortly after the sale, Brown assigned the contract to the financing division of its distributor, Koehring. Brown as secured party, and Koehring as assignee, filed a financing statement covering:

> One (1) Koehring Model 1066 Hydraulic Excavator.

Koehring subsequently changed its name to AMCA.

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

At some point in 1985, River defaulted. AMCA brought a replevin action in Goodhue County on September 7, 1985, to recover the excavator. AMCA eventually recovered the excavator in 1987, at which point it discovered that the engine had been removed by Diesel.

Diesel had previously sold a replacement engine to River. Diesel ended up with both the original and replacement engine after removing the original engine and obtaining a replevin order as to the replacement engine.

## ISSUE

Did respondent AMCA obtain a security interest in the replacement engine of the excavator?

## ANALYSIS

Respondent argues that its security interest in the excavator extended to an engine which replaced the original engine in the excavator at the time the security agreement was entered into. A careful review of respondent's security agreement indicates that it does not include the standard after acquired property clause nor does it contain a clause covering increases, parts, fittings or accessories. *See* Minn. Stat. § 336.9–204 (1986). The standard form specifically provides:

> together with all increases, parts, fittings, accessories, equipment, renewals and replacements of all or any part thereof, and other goods of the same class whether now owned or hereafter acquired by Debtor (all hereinafter called "Collateral"), and all proceeds of the Collateral.

The original engine was not sold or exchanged so the replacement engine could not have been a "proceed." *See* Minn.Stat. § 336.9–306 (1986).

The only way therefore that AMCA would have a security interest would be through the doctrine of accession. Accession is defined as follows:

> We think the general rule is quite well settled that, where the articles later attached to an automobile or other principal article of personal property become

so closely incorporated with the principal article that they cannot be identified and detached therefrom without injury to the automobile or other principal article, such articles become a part of the machine or principal article to which they are so attached and will pass by accession to the one having a chattel mortgage or other lien upon the principal article, if the lien is enforced. But when the articles added can be readily identified and detached without injury to the principal machine or article, they do not pass by accession to the one having a prior chattel mortgage or lien on the principal article.

*Goodrich Silvertown Stores of B.F. Goodrich Co. v. Pratt Motor Co.,* 198 Minn. 259, 261–62, 269 N.W. 464, 465 (1936).

Because the engine in this case was removed without damage to the excavator, there is no accession and AMCA's security interest in the original engine did not extend to the replacement engine. Therefore, AMCA has no interest in the sale of the replacement engine, which legally belonged to Diesel.

## DECISION

Reversed.