## PULCIFER *versus* PAGE.

A right of property by accession may occur, when materials, belonging to several persons, are united, by labor, into a single article.

The ownership of an article, so formed, is in the party, (if such there be,) to whom the *principal part* of the materials belonged.

TRESPASS for an iron chain, which each of the parties claimed to own.

The evidence tended to show, *that* each of the parties had a chain; — *that* each chain had been broken into several pieces; *that* the plaintiff, without the consent or knowledge of the defendant, carried all the pieces to a blacksmith, and had them made up into two chains; — and *that* the defendant carried away one of them into which some part of his own chain had been incorporated. It was for this chain, that this suit is brought.

The Judge instructed the jury that if the plaintiff had only incorporated into this chain some small portion of the defendant's chain without his consent, not exceeding two or three links, it would not thereby become the property of the defendant. To this ruling the defendant excepted.

*Woodman*, for the defendant, argued copiously as to the doctrines of goods intermixed. Those views, being by the court considered inapplicable, are here omitted. The counsel then proceeded : —

The joining of a part of the defendant's chain to a part of the plaintiff's chain was a wrong done by the plaintiff. At most he was entitled only to the part which had previously been his, and before maintaining any suit, he must have offered to separate the parts. *Bond* v. *Ward,* 7 Mass. 127 ; *Shumway* v. *Rutter,* 8 Pick. 443, 448 ; *Lewis* v. *Whittemore,* 5 N. H. 366 ; *Tufts* v. *McClintock,* 28 Maine, 428.

The defendant had a right to take his own part of the chain, and if a part of the plaintiff's had been so connected with it by the plaintiff that he could not take his own without taking the plaintiff's part also, it was the plaintiff's fault and not his.

The charge of the Judge was erroneous in instructing the jury, that the property of the chain depended upon the quantity of the defendant's chain, which the plaintiff had incorporated into the one in dispute. The right of property in the chain as a whole or as to parts of it, depended rather upon the fact that the mixture was made without the defendant's consent or knowledge by the plaintiff, and upon the manner and motive of doing it.

*Goodwin,* for the plaintiff.

HOWARD, J. — This case presents a question of acquisition of property by accession, but does not involve an inquiry concerning the admixture or confusion of goods. It is a general rule of law, that if the materials of one person are united to the materials of another, by labor, forming a joint product, the owner of the principal materials will acquire the right of property in the whole, by right of accession. This was a rule of the Roman, and of the English law, and has been adopted, as it is understood, in the United States, generally. Dig. 6, 1, 61 ; *Bracton de acq. rerum dom.* B. 2, c. 2, $ 3, 4 ; Molloy, B. 2, c. 1, $ 7 ; Pothier, *Trait du droit de propriete,* L. 1, c. 2, art. 3, No. 169—180 ; 2 Black. Com. 404 ; 1 Bro. Civil Law, 241 ; *Glover* v. *Austin,* 6 Pick. 209 ; *Sumner* v. *Hamlet,* 12 Pick. 83 ; *Merritt* v. *Johnson,* 7 Johns. 474 ; 2 Kent's Com. 361.

The distinctions and qualifications, that may be appropri-

ate and necessary in the application of this doctrine to a variety of cases that may arise, do not require consideration, in determining this case. The first instruction stated was favorable to the defendant, and forms no ground of exceptions for him; and the plaintiff does not complain of it. The second instruction, that " if the plaintiff had only incorporated into this chain some small portion of the defendant's chain, without his consent, not exceeding two or three links, the chain would not by the incorporation of such small portion, become the property of the defendant," is understood to be in accordance with the rule of law before mentioned, and is not erroneous.

*Exceptions overruled, judgment on the verdict.*