## PERRY v. PETTINGILL.

Where a debtor mortgaged a number of unfinished pruning shears, and the mortgagor afterwards finished the shears, and thereby greatly added to their value — *Held,* that, in the absence of fraud, the fact that the shears had been greatly increased in value by the labor of the mortgagor, would not invalidate the mortgage, and that the mortgagee could hold against an attachment by another creditor of the mortgagor.

TROVER for five and one half dozen pruning shears. The plaintiff claimed them under a mortgage to himself from Darius

Bowers, dated May 11, 1853. The mortgage was of all the goods, wares, effects, merchandise and stock in trade of the said Bowers, in his possession at the date of the mortgage. The evidence tended to prove that, at the date of the mortgage, the shears were in the shop of Bowers, in an unfinished state : That they consisted of four parts, and were put together with screws. At the date of the mortgage, three parts were forged ; one part finished, one part ground but not polished, one part forged only. The other part, which was the spring, was not forged. He had the screws at the date of the mortgage. After the execution of the mortgage, Bowers finished up the shears, which greatly increased them in value, and boxed them up for market, and sent them by express to New-York. They were attached at Concord by the defendant, a deputy of the sheriff, on a writ in favor of Porter & Rolfe.

The defendant contended that, inasmuch as the shears were in an unfinished state at the date of the mortgage, and finished up afterward, and greatly increased in value, the plaintiff could not hold them by virtue of his mortgage. The court instructed the jury otherwise, and they returned a verdict for the plaintiff, which the defendant moves to set aside, and for a new trial, on account of said instruction of the court.

*Rolfe & Marshall*, for the defendant.

The instruction asked of the court below by the defendant was proper, and should have been given :

1. Because, when property mortgaged is greatly increased in value by labor and material added by the mortgagor, after the execution of the mortgage, so that the added value forms an important part of the value after such addition, the mortgagee is divested of his right of property. *Harding* v. *Coburn*, 12 Metcalf 333.

2. Because, it is well settled that if the identity of the property mortgaged is changed after the execution of the mortgage, the mortgagee cannot hold as against creditors. *Winslow & als.* v. *Merchants' Ins. Co.*, 4 Met. 306.

Perry *v.* Pettingill.

3. The question whether such increased value, made by the labor and material added, has changed the identity of the property mortgaged, is a question of fact for the jury to find, and not for the court to decide.

4. Because, if the ruling of the court below becomes the established law of the State, the mortgagor is enabled thereby to make a mortgage that in effect will be a fraud upon his creditors.

*Flint & Bryant,* for the plaintiff.

No fraud or unfair conduct is shown ; no design to defraud creditors.   The property of the mortgagee is not lost by repairing, improving or adding to the value of the thing mortgaged. *Willard* v. *Rice,* 11 Met. 493 ; *Jones* v. *Richardson,* 10 Met. 481 ; *Macomber* v. *Parker,* 14 Pick. 497.

Since, under our statute, the creditor may attach mortgaged property, he is not injured by its being increased in value.

If the defendant's doctrine should prevail, the mortgagor might defeat any mortgage, by adding to the value of the property mortgaged.   If morgaged crops or animals should grow and increase in value, they would no longer be held by the mortgage.

PERLEY, C. J.   The objection made to the mortgage in this case is not that it was originally void, or in any way defective ; but that the materials mortgaged were finished and greatly increased in value by the labor of the mortgagor, after the mortgage.   No question was made on trial as to notice or fraud.   It does not appear whether the shears were finished with or without the assent of the plaintiff.

The materials all belonged to the plaintiff by virtue of his mortgage ; the different parts were wrought out, excepting the spring.   On this state of facts the materials, in the condition in which they were mortgaged, must be regarded in law as the principal, and the labor added as accessory.   *Glover* v. *Austin,* 6 Pick. 220 ;  *Sumner* v. *Hamlet,* 12 Pick. 76 ; *Eaton* v. *Lynde,* 5 Mass. 241 ; *Willard* v. *Rice,* 11 Met. 493 ; *Harding* v. *Coburn,* 12 Met. 333 ; *Pulcifer* v. *Page,* 32 Maine 404 ; *Bab-*

*cock* v.: *Gill*, 10 Johns. 287 ; *Dunning* v. *Stearns*, 9 Barb. Sup. Ct. 630 ; *Jenckes* v. *Goffe*, 1 Rhode-Island 510.

In case materials were mortgaged by a particular description, and with the assent of the mortgagee were manufactured into articles not answering to that description, and so changed that with reasonable diligence a creditor could not know that they were the same, if he should, without actual notice of the claim under the mortgage, attach them for the debt of the mortgagor, it would deserve serious attention whether, under our statute requiring mortgages of personal property to be registered, the mortgagee could hold against the attaching creditor.

But if the mortgagor, after the mortgage, add to the value of the mortgaged property, no matter how much, the added value, as between mortgagor and mortgagee, goes to increase the security. This is the familiar rule in mortgages of land, and we see no reason why the principle should not apply with equal force to mortgages of personal property. If the mortgage is fair, and fairly used, no creditor of the mortgagor has just ground of complaint. If the mortgage were fraudulently used to cover up the property of the mortgagor from his creditors, it might be invalid on general principles. But in the absence of fraud it does not occur to me that a creditor of the mortgagor has any good reason to complain that the labor or the materials of the mortgagor have been incorporated with the property originally mortgaged. Until the creditor obtains some right in the property of his debtor by attachment or otherwise, the debtor may lawfully apply it to pay or secure such of his creditors as he may choose to prefer ; and he may apply his labor in the same way.

*Judgment on the verdict.*