**Graver Bartlett Nash Company, Appellant, v. Peter Krans and George Nelson, Appellees.**

### Gen. No. 7,565.

1. SALES—*validity of conditional sales contract as against purchaser from conditional vendee without notice.* In view of section 20 of the Uniform Sales Act, Cahill's St. ch. 121a, ¶ 23, no title can be conveyed by the buyer of goods under a conditional sales contract, even though the buyer has possession of the goods and the purchaser from the buyer has no notice of the reservation of title by the conditional vendor.

2. CONFLICT OF LAWS—*enforceability of conditional sales contract valid under laws of State where executed as well as under laws of this State.* A conditional sale contract which was valid and en-

forceable as against a judgment creditor of the vendee under the laws of the State where it was executed, as well as under the laws of this State, will be enforced in the courts of this State.

3. REPLEVIN—*right of conditional vendor to possession as against constable and custodian under levy on execution under judgment for creditor of conditional vendee.* In view of section 20 of the Uniform Sales Act, Cahill's St. ch. 121a, ¶ 23, the conditional vendor of an automobile in Indiana was entitled to a judgment awarding him possession of the vehicle in his action of replevin against the Illinois constable and custodian thereof holding the same by virtue of an execution levied pursuant to an Illinois judgment against the conditional vendee, although at the time of making such levy neither the constable nor the custodian had knowledge of the interest of the conditional vendor therein, the vendee being in default on his contract.

Appeal by plaintiff from the Circuit Court of Will County; the Hon. FREDERICK A. HILL, Judge, presiding. Heard in this court at the October term, 1925. Reversed and remanded. Opinion filed December 28, 1925.

DONOVAN, BRAY & GRAY, for appellant.

JOHN C. COWING and GLEN L. COWING, for appellees.

MR. JUSTICE PARTLOW delivered the opinion of the court.

Appellant, Graver Bartlett Nash Company, began an action of replevin in the circuit court of Will county against appellees, Peter Krans, a constable, and George Nelson, who was custodian, to recover possession of an automobile. A jury was waived and the cause was heard by the court upon a written stipulation of the facts. There was a finding and judgment that appellees were entitled to the possession of the automobile, and appellant was ordered to pay $303.55, within twenty days, or make return of the property.

The substantial facts of the stipulation are that on June 28, 1924, appellant delivered to James A. Orr, of Hammond, Indiana, a Nash coupé automobile. Orr executed to appellant at Hammond, Indiana, on that

date, a conditional sales agreement, by the terms of which Orr promised to pay appellant $1,444.45 for the automobile, of which there was paid $500, and the remainder was to be in instalments beginning on July 28, 1924, and on the corresponding day of each succeeding month until the total amount should be fully paid. The agreement further provided that the seller might take possession of the automobile whenever found, and with or without process of law, if the buyer removed or attempted to remove it from Indiana, or upon the failure of the buyer to perform the covenants of the contract, or make prompt payment of all money as it became due, and upon such retaking all rights of the buyer were to cease. On September 20, 1924, Orr, without the consent or knowledge of appellant, drove the automobile from Indiana into Illinois, and while driving along a public highway in Will county, Illinois, Orr's car collided with a car owned by James McCarty, and as a result, on September 29, 1924, McCarty obtained a judgment by default before a justice of the peace in Will county against Orr for $300 and costs. The justice had jurisdiction and the judgment was in full force and effect. On the same day an execution was issued, placed in the hands of Krans, a constable, and levied on the automobile, and the automobile was placed in the hands of Nelson as custodian. At the time the levy was made neither Nelson nor Krans had any knowledge that the automobile was claimed by appellant or by any person other than Orr. Orr had made no payment to appellant under the contract since August 30, 1924, he was in default, and there was due appellant $812.99 on the contract. On October 16, 1924, a replevin suit was filed in the circuit court of Will county by appellant, and under the writ of replevin the automobile was delivered by Krans and Nelson to a representative of appellant, and was by him returned to appellant at Hammond, Indiana. It was agreed that the conditional sales agreement, though not recorded,

was properly executed, was in all respects in conformity to the laws of Indiana, and that such an agreement under the laws of Indiana took precedence over and constitutes a right prior to all persons claiming under the conditional vendee, including innocent purchasers and judgment creditors. Upon the trial of the replevin suit the judgment was as above recited.

The sole question argued is whether the property rights shall be determined by the laws of Illinois, or by the laws of Indiana. It is the contention of appellant that the contract was valid under the laws of Indiana; that under the well-established custom of comity between the States, the validity of a contract which violates no positive or criminal law, and is not contrary to the public policy of the State of the forum, is governed by the laws of the *lex loci contractus;* that this rule has been repeatedly recognized by the courts of Illinois in giving effect to contracts which if valid where made would be invalid if executed in Illinois; that the courts of Illinois have uniformly applied this rule to rights acquired under properly executed foreign chattel mortgages, and have held them to be prior to the rights acquired against the vendor after the mortgaged chattel had been brought into this State; that the courts of Illinois have enforced rates of interest under contracts made in foreign States which rates were usurious in Illinois; that there is, in substance, no difference between the legal effect of a chattel mortgage and the legal effect of a conditional sale.

In a long line of cases it has been held in Illinois that if a person sells to another a chattel on condition that the price shall be paid within a certain time, and the seller retains the title in the meantime, and the seller delivers the possession of the chattel to the buyer so as to clothe him with an apparent ownership, a bona fide purchaser, or execution creditor of the buyer, is entitled to protection and to a prior right to the property against the claim of the original owner.

*Heilbrunn v. Ellsworth,* 190 Ill. App. 388; *Gilbert v. National Cash Register Co.,* 176 Ill. 288; *Van Duzor v. Allen,* 90 Ill. 499; *Michigan Cent. R. Co. v. Phillips,* 60 Ill. 190; *Murch v. Wright,* 46 Ill. 487; *Ketchum v. Watson,* 24 Ill. 591; *Brundage v. Camp,* 21 Ill. 330.

It has also been held that secret liens of this kind are fraudulent and contrary to the policy of the laws of Illinois and should not be enforced. *Rhodes v. Missouri Savings & Loan Co.,* 173 Ill. 621.

In *Judy v. Evans,* 109 Ill. App. 154, the facts were quite similar to the facts in the case at bar. A team of horses was sold by Judy in Indiana under a conditional sales contract. The title was to remain in Judy but the possession was delivered to the purchaser. The purchaser took the team to Rossville, Illinois, and it was levied upon under a writ of attachment issued in Vermilion county, Illinois. Judy began an action of replevin to get possession of the property, and it was held in the trial court that the property was held under the laws of Illinois, and that the Indiana contract would not be enforced in Illinois. On page 156, the Appellate Court said: "When the owner of personal property puts another in possession, and clothes such person with the *indicia* of ownership, he loses his right thereto as against subsequent purchasers and creditors of that person. Where one or two innocent persons must suffer for the fraud of a third, the loss must fall on him by whose act the fraud became possible," citing cases. " * * * In this state, a foreign contract, valid where made, will ordinarily be enforced as a matter of comity, yet where the contract is fraudulently made or contrary to our laws, as are the ones here in question, it should not be enforced to the prejudice of our citizens who may have demands against the vendee."

In *Merz v. Stewart,* 211 Ill. App. 508, it was held that the doctrine of comity has no application where an Illinois manufacturer sells a motorcycle to a resi-

dent of Indiana, and the latter sells the property under a conditional sales contract to another person, who removes the property from Indiana and sells it to a resident of Illinois who does not know of the conditional sales contract, even though the conditional sales contract which was unrecorded was good in Indiana between the seller and the purchaser and third persons.

All of the cases above cited were decided before the Uniform Sales Act was passed. Prior to that time conditional sales were illegal in Illinois and the courts refused to enforce such contracts even when made in a State where they were valid and binding.

On July 1, 1915, the Uniform Sales Act went into effect. Its provisions were in conflict with some of the decisions in this State. One of the respects in which this statute changed the law was with reference to conditional sales contracts. Section 20 provides that: ''Where there is a contract to sell specific goods, or where goods are subsequently appropriated to the contract, the seller may, by terms of the contract or appropriation, reserve the right of possession or property in goods until certain conditions have been fulfilled. The right of possession or property may be thus reserved notwithstanding the delivery of the goods to the buyer or to a carrier or other bailee for the purpose of transmission to the buyer.'' [Cahill's Ill. St. ch. 121a, ¶ 23.] In *Sherer-Gillett Co. v. Long,* 318 Ill. 432, the opinion was rendered after this case at bar was decided by the trial court, and it was there held that this section changed the rule in Illinois as to conditional sales contracts; that the statute recognized the validity of conditional sales with reservations of title in the seller; that when there is no basis for an estoppel against the seller, that no title can be conveyed by the buyer of goods under a conditional sales contract, even though the buyer has possession of the goods and the purchaser from the buyer had no notice of the reservation.

Before the passage of this statute the refusal of the courts of this State to enforce foreign conditional sales contracts even under the doctrine of comity was based upon the grounds that such contracts were fraudulent under the laws of this State, or contrary to our laws and should not be enforced to the prejudice of our citizens who might have demands against the vendee. The Uniform Sales Act entirely removes this reason. The contract in question not only was valid under the laws of Indiana where it was made but it was also valid under the laws of Illinois where appellant sought to enforce it. If it was valid in both States there was no reason why it should not be enforced by the courts of this State. The title to the property replevied was in appellant and it was entitled to the possession thereof, even as against the rights of a judgment creditor of the vendee under a valid execution.

The court was in error in rendering judgment in favor of appellees and the judgment will be reversed and the cause remanded.

*Reversed and remanded.*