**DAVY et al. v. STATE ex rel. MOTHER-SEAD, Bank Com'r.**

No. 17972. Opinion Filed March 20, 1928.

(Syllabus.)

1. **Chattel Mortgages—Accessions to Property Covered—Renewed Parts and Additions to "Drilling Rig Complete with All Tools."**

A mortgagee, or his assignee, of a "drilling rig complete with all tools" is entitled to possession of all of the various items described in the mortgage constituting the component parts of the drilling rig, together with all substituted parts and additions made thereto to take the place of broken or worn out parts thereof.

2. **Appeal and Error—Questions of Fact—Conclusiveness of Judgment in Law Action Tried to Court.**

In law actions, where questions of fact are submitted to the trial court, in the absence of a jury, the judgment of the trial court will not be disturbed where the same is reasonably supported by competent evidence.

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action by the State of Oklahoma on the relation of O. B. Mothersead, as Bank Commissioner of the State of Oklahoma, against A. Whittier, J. D. Davy, and W. F. Detert. Judgment for plaintiff, and defendants J. D. Davy and W. F. Detert appeal. Affirmed.

Arrington & Evans, for plaintiffs in error.

Park Wyatt and Madden & Hubbell, for defendant in error.

PHELPS, J. To secure the payment of his promissory note, A. Whittier executed to the Oklahoma State Bank of Walters, Okla., a chattel mortgage covering his "Star drilling rig complete with all tools." The assets of the bank, including this note and mortgage, were taken over by O. B. Mothersead, State Bank Commissioner, defendant in er-

ror here. The mortgaged property was transferred to Pottawatomie county, where a copy of the mortgage was duly filed as provided by law.

The property was then turned over to J. A. Davy and W. F. Detert, plaintiffs in error here. The State Bank Commissioner filed suit on Whittier's note in the superior court of Pottawatomie county and obtained judgment for approximately $4,000 and interest, costs and attorneys' fees. Davy and Detert refused to surrender possession of the mortgaged property, whereupon a writ of replevin was issued. A redelivery bond was given by Davy and Detert and the property retained by them and upon trial to the court, without the intervention of a jury, judgment went against them for possession of the property, from which they prosecute this appeal.

The only assignment of error presented by the appeal is that the judgment of the court is not sustained by the evidence and is contrary to the evidence, in support of which contention counsel for plaintiffs in error cite numerous opinions of this court, which undoubtedly state the correct rule of law in this jurisdiction, to the effect that the judgment of the trial court will not be upheld unless it is reasonably sustained by competent evidence. However, we are unable to agree with counsel that the record fails to show competent evidence reasonably supporting the judgment of the court.

Plaintiffs in error do not dispute the right of defendant in error to the possession of that portion of the mortgaged chattels that the original mortgage covered, but they assert that parts of this drilling rig have been worn out and that new parts and additions have been supplied by them to the possession of which defendant in error is not entitled under the mortgage; while it is the contention of counsel for defendant in error that, since the chattel mortgage covered a "Star drilling rig complete with all tools," whatever replaced parts or additions may have been added thereto automatically became a part of the mortgaged "Star drilling rig complete with all tools" and subject to the provisions of the mortgage, and such was the finding and judgment of the trial court, which finds ample support in the authorities.

1 Cyc. 226, lays down the rule that:

"Ordinary repairs upon a personal chattel become a part thereof by accession, and this rule has been held to apply even where the value of the repairs greatly exceeds the value of the original article. * * *"

And 1 R. C. L. 117, says:

"The general rule of the common law in regard to title by accession is that, whatever alteration of form has taken place in personal property, the owner is entitled to such property in its state of improvement, unless the identity of the original material has been destroyed, or unless the thing has been annexed to, and made a part of, some other thing which is the principal, or its nature has been changed from personal to real property. * * *"

And in 1 R. C. L. 119, the statement is made that:

"Where labor and new material have been added to the mortgaged articles by the mortgagor, the mortgagee on the doctrine of accession will hold them as against the creditors of the mortgagor, if they remain substantially the same."

In Gregory v. Stryker, 2 Denio's (N. Y.) 628, the question before the court was, who was the owner and entitled to the possession of a wagon valued at $90, upon which repairs amounting to $78.50 had been made, and the New York court said:

"Where a damaged or worn out article is delivered to another to be repaired and renewed by the labor and materials of the latter, the property in the article together with the accessorial additions remains in the former owner during the performance of the work, and it is his when completed."

In Pulcifer v. Page, 54 Am. Dec. (32 Me. 404) 582, the Supreme Court of Maine said:

"It is a general rule of law that if the materials of one person are united to the materials of another by labor, forming a joint product, the owner of the principal materials will acquire the right of property in the whole by right of accession. This was a rule of the Roman and the English law, and has been adopted, as it is understood, in the United States generally (citing authorities)."

Among the more recent authorities is Blackwood Co. v. Auto Storage Co., 182 S. W. 576, wherein the Supreme Court of Tennessee said:

"Where the purchaser of an automobile, title to which was retained by the seller, fitted the machine with tire casings, and the seller on nonpayment retook the machine, title to the tire casings passed to the seller, the seller of the casings not having retained title, for such is the rule of 'accession.'"

In the instant case plaintiffs in error do not claim any portion of this drilling rig because of any lien claimed, but solely upon the grounds that, they having furnished additions and supplied worn out parts, title to these additions and parts supplied remained in them and did not become subject to the claim or lien of the mortgagee, but, from the authorities cited herein, we reach the conclusion that their contention is not tenable, and the judgment of the trial court, being supported by the evidence, is affirmed.

BRANSON, C. J., and MASON, LESTER, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 11 C. J. p. 502, §170; anno. L. R. A. 1916E, 256; 1 R. C. L. p. 119; 1 R. C. L. Supp. p. 43. (2) 4 C. J. p. 879; §2853; 2 R. C. L. p. 193; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79; 6 R. C. L. Supp. p. 73.