## K. C. TIRE CO. v. WAY MOTOR CO.

No. 19439. Opinion Filed April 29, 1930.

S. A. Denyer, for plaintiff in error.

W. F. Speakman, for defendant in error.

FOSTER, C. The K. C. Tire Company filed its petition in the superior court of Creek county, alleging that, on or about June 10, 1927, it sold to one J. M. Byerly certain tires and tubes, describing the same and giving the numbers thereof; that said tires and tubes were placed upon an automobile owned by the said Byerly and on which there was at the time of the sale a recorded chattel mortgage in favor of the defendant, Way Motor Company. This mortgage was indorsed to the Commercial Loan & Mortgage Company, who took possession of the automobile, but the defendant, Way Motor Company, being an indorser upon the notes, paid the same to the Commercial Loan & Mortgage Company, and took possession of the car for the purpose of foreclosing the mortgage.

The tires and tubes above described were sold by the plaintiff to Byerly upon a conditional sales contract, which retained title in the plaintiff until the tires were paid for. The petition shows that the mortgage was not paid, and that the payments under the conditional sales contract were not paid, and that the conditional sales contract had not been filed for record; that the plaintiff had constructive notice of the mortgage is admitted by the plaintiff, although it denies actual notice. The amount due under the conditional sales contract is alleged in the sum of $26. The action is in the nature of a replevin, and possession of the tires and tubes is prayed for, or their value. To this petition the defendant filed a general demurrer, which is by the court sustained. The plaintiff having refused to plead further, judgment is granted in favor of the defendant, and from this judgment plaintiff prosecutes this appeal.

The only question presented by this ap-

peal is stated in the brief of plaintiff as follows:

"Would automobile tires and tubes sold by the plaintiff on a conditional sales contract, retaining title thereto in the seller, the plaintiff, which said tires and tubes were immediately placed upon an automobile on which the defendant, a third party, held an unsatisfied, recorded, chattel mortgage, become a part of the mortgaged chattel by the doctrine of accession or otherwise, where the mortgagor later delivers possession of the automobile with the tires and tubes on the wheels thereof, to the defendant mortgagee, in whose possession the plaintiff sought to replevy in this action said tires and tubes; it being admitted by both parties that the chattel mortgage on said auomobile preceded the sale of said tires and tubes, and was constructive notice to the plaintiff at the time of the sale of said tires and tubes."

It is stated in the brief of plaintiff, and not denied by the defendant, that the question of whether or not it was necessary that a conditional sales contract be filed, is not here presented for determination. Section 8551, O. O. S. 1921, provides for the filing of conditional sales contracts, and states, in substance, that, unless such contracts are filed, they shall be void as against innocent purchasers or the creditors of the vendee. Since the mortgage on which the defendant relied was taken and recorded prior to the conditional sales contract, it perhaps becomes immaterial as to whether or not the conditional sales contract was filed; but, under the record, we will not pass upon this question, and our further consideration will be based upon the assumption that the filing or lack of filing in the instant case is immaterial.

Plaintiff relies upon several cases to support its contention. The case of Intertype Corp. v. Strosnider, 88 Okla. 68, 211 Pac. 1022, is first cited by plaintiff. However, this case is perhaps not relied upon to support plaintiff's principal contention, but it does contain some statements in favor of plaintiff's theory. We agree with defendant's contention, however, that the doctrine of accession does not enter into this case, and it is therefore of little value to either party.

Clarke v. Johnson (Nev.) 187 Pac. 510, is cited by plaintiff. That case contains some statements favorable to plaintiff's contention. However, the questions seem to be decided in that case upon a provision of the conditional sales contract, which correspond in that case to the mortgage in the instant case. The provisions of the mortgage in the instant case are not in the record.

Berry on Automobiles is cited by plaintiff. The sixth edition, vol. 2. p. 1451, sec. 1806, in which is the doctrine of accession as applies to tires for automobiles, is discussed as follows:

"Where the seller of an automobile under a contract of conditional sale retakes the automobile upon default of the buyer to keep the terms of the contract, he is entitled to any tires or other replacements which the purchaser placed on the machine while it was in his possession, provided the title to such parts passed to the purchaser when he acquired them. * * * (Here the word "accession" is defined.)

"Where, however, such equipment is furnished by a third person, in whom the title remains, they do not belong to the conditional seller upon retaking the car under a contract recognizing that such equipment is separable and not accessions.'

"Ordinarily, repairs on a personal chattel, such as new bolts, nuts, thills, and the like, become accretions to, and merge in, the principal things, and become the property of the general owner.

"When property can be easily distinguished and separated, no change of property takes place, provided the separation can be made without injury to the thing attached."

This general rule is, in substance, also stated in I R. C. L. pp. 818, 819, secs. 5 and 6; I C. J. p. 384, sec. 5; and I Cyc. p. 226, sec. O.

However, the nature of this right to acquire the property of another, by its joinder with the owner's property, is somewhat confusing, and is applied in many different ways by the numerous decisions. No precise, general rule can be established to cover all cases. In some instances, the relative value of the principal property is one of the decisive elements; in others, the question of whether the property added or the material supplied can be identified is a controlling factor; and, in still others, whether the addition is such that it is separable and severable is controlling.

In the case at bar, we think these tires did not become a part of the mortgage security. These tires were not an integral and permanent part of the automobile; they could be severed easily and without any damage to the car; they could be used as readily upon any other car of like make and size, and were easily identified by number, as well as make and size, so there could be no possible dispute about their identity.

The case of Clark v. Wells (Vt.) 12 Am. Rep. 187, is cited by plaintiff and referred to in practically all of the other cases involv-

ing questions similar to the one here presented. In that case, H. bought a wagon from B. upon condition that the title remain in B. until it was paid for. The plaintiff repaired the wagon for H. by adding wheels and axles and attached the same by means of clamps and nuts. Plaintiff took H.'s note for the repairs, with the condition and agreement that the moving parts of the wagon should remain the property of plaintiff until the note was paid for. Neither B. nor the defendant was aware of plaintiff's claim. It was held that the property in the wheels and axles remained in plaintiff, and that an action in trover for their conversion by the defendant would not lie.

There seems to be no case in this state which even remotely involves the question here presented. So far as we are able to determine, this is a question of first impression for this court. However, we believe other courts have recently passed upon almost, if not identically, the same question, and while not referred to in the brief of either party to this action, a reference to cases in several other jurisdictions, we think, supports the conclusion here reached.

Blackwood v. Auto Storage Co. (Tenn.) 182 S. W. 576, L. R. A. 1916E, p. 254, and Ann. Cas. 1917C, p. 1109, is referred to often in recent cases. The first paragraph of the syllabus is as follows:

"Where the purchaser of an automobile, title to which was retained by the seller, fitted the machine with tire casings, and the seller on nonpayment retook the machine, title to the tire casings passed to the seller, the seller of the casings not having retained title, for such is the rule of 'accession' which denotes the right of the owner of corporeal property, real or personal, to any increase thereof from any cause either actual or artificial."

In the above case, defendant sold an automobile to one Cooper, retaining the title. Cooper bought from plaintiff the casings. Plaintiff did not retain the title. Under the rule of accession, it was held that the casings became a part of the car. The court distinguished this case from the case of Clark v. Wells, supra, because it is shown that the seller of the casings did not retain the title. The court, in its opinion, however, pointed out specifically that it was not to be understood as either approving or criticizing the case of Clark v. Wells.

Purnell v. Fooks (Del.) 122 Atl. 901, cites, with approval, the case of Blackwood v. Auto Storage Co., supra. The effect of this case is to hold that where tires are sold outright to the conditional vendee of an automobile under a conditional sales contract and placed upon the car, they become a part thereof by accession.

In Diamond Service Station v. Broadway Motor Co. (Tenn.) 12 S. W. (Second Series) 705, the first paragraph of the syllabus is as follows:

"Tires sold without retaining title in seller, and placed upon an automobile, become a part of the automobile under the doctrine of accession."

That case follows the doctrine announced in the case of Blackwood v. Auto Storage Co., supra.

In the case of Davy v. State, 130 Okla. 91, 265 Pac. 626, the general rule as announced in the first paragraph of the syllabus of the case of Blackwood v. Auto Storage Co., supra, was approved by the Oklahoma Supreme Court. However, the property involved in that case was a Star drilling rig complete with all tools. The facts in the case, as well as the question of law here presented, are not there involved.

In Hallman v. Dotham Foundry & Machine Co. (Ala.) 82 So. 642, the first paragraph of the syllabus is as follows:

"Attachment, by bolts and nuts merely of a Form-A-Truck attachment to a mortgaged Ford chassis, held not to cause it to lose its identity so as to place the title to the attachment in such mortgagee against the purchase-money mortgagee of attachment."

This case, in effect, holds that an attachment which consisted of a main truck, springs, rear wheels and axles, chains, shockers, and differential housings, attached to a Ford chassis, so that it became necessary to take off the rear wheels of the Ford, did not become a part of the original Ford chassis under the law of accession. This case cites with approval the case of Clark v. Wells, supra.

In the case of Snyder v. Aker, 236 N. Y. S. 28, decided in July, 1929, the defendant sold to one C. three automobile trucks under contracts of conditional sale, which were duly filed. These trucks were equipped with tires and tubes. Later the plaintiff delivered to C. two tires and tubes to be used on the trucks, under a lease agreement, which, in effect, was a conditional sales contract, and this was never filed. The car was repossessed by the defendant on failure to make the payments under the original conditional sales contract, and the plaintiff brought an action in replevin for the tires and tubes. The seventh paragraph of the syllabus in that case is as follows:

"Attachment of tires and tubes to trucks did not merge identity of tires into trucks, so as to vest title thereto in conditional seller of trucks, especially where seller of tires reserved title thereto."

In the body of the opinion, the question of the personal property law (sec. 65) of New York was discussed, and was applied to the facts in that case. But after completing this discussion, the court said:

"Defendant's further contention that, regardless of the statute, the mere attachment of the plaintiff's goods to the trucks merged their identity into the vehicles so as to vest title thereto in the conditional vendor of the trucks, is without authority, so far as I have found, and, at all events, the fact of plaintiff's reservation of title destroys the force of this novel argument."

In Franklin Service Stations v. Sterling Motor Truck Co. (R. I.) 147 Atl. 754, decided November 15, 1929, the plaintiff sold to P. certain tires under a contract of conditional sale, the title to remain in the vendor until paid for in full. Without extra charge certain wornout tires were removed from the automobile when the new ones were placed thereon. At that time the truck was subject to a chattel mortgage from P. to the defendant, duly recorded. The court held that the plaintiff was liable to the defendant for the value of the old tires which it converted, but that this did not estop plaintiff to assert its title to the new tires. The court discusses the doctrine of accession, and cites the case of Clark v. Wells, supra, and Hallman v. Dothan Foundry & Machine Co., supra. In the fourth paragraph of the syllabus, it is said:

"When conditional seller of new tires for truck removed old ones, retained them, and replaced them by new ones, chattel mortgagee of truck on default under terms of mortgage held not entitled to claim title to new tires under theory of accession, since tires were not integral and permanent part of truck, but merely temporary and separable attachments on moving parts thereof which could be removed without injury to truck and used elsewhere."

In the case of Bousquet v. Mack Motor Truck Co. (Mass.) 168 N. E. 800, decided November 30, 1929, the plaintiff sued to recover the value of tires sold to H. under a conditional sale, retaining title until payment. H., prior thereto, had purchased the truck from the defendant by conditional sale, the defendant retaining title until compliance with the contract and with a right of possession in case of default. The tires were placed upon the truck before H. defaulted, and after his default defendant took possession of the truck, and plaintiff brought the action for possession of the tires.

The essential question decided was whether or not the defendant took title to the tires upon their attachment to the truck. This opinion points out that the question was left undecided in the case of Blackwood v. Auto Storage Co., supra, and after a discussion of the doctrine of accession holds, as set up in the first paragraph of the syllabus, as follows:

"Purchaser who bought tires under conditional sale and attached them to truck did not thereby pass title in tires to conditional seller of truck, which thereafter retook possession of truck, as against seller of tires, since tires could be detached from truck without injury to it."

We think these recent cases support the conclusion we have reached in the instant case. However, there is one very recent case which is, perhaps, not in harmony. While we have found no case which supports the contention of the defendant, the case of Twin City Motor Co. v. Rouzer Motor Co. (N. C.) 148 S. E. 461, decided in June, 1929, is not entirely in harmony with the other cases which we have above referred to. In that case it was held that tires and tubes did become a part of the automobile upon the doctrine of accession. But, from an examination of the opinion, it will be found that the court based its conclusion chiefly upon the provision in the conditional sales contract, which, as the North Carolina court concludes, shows an intention on the part of the original seller and the purchaser that tires, tubes and other material placed upon a car should become a part of the car, and that therefore it was agreed that the theory of accession should apply.

From an examination of the above case and the case of Clark v. Johnson, supra, the theory of the two courts seems to be almost directly opposed. In the case of Clark v. Johnson, under a provision almost identical with the provision in the North Carolina case, it was held that it was understood between the parties that the theory of accession should not apply as to tires and tubes. The North Carolina court cites several other cases from that state which tend to support its conclusion. We do not think the point here presented is directly decided in the North Carolina case. It refers to no authorities from other jurisdictions, but states they are in conflict.

Unless we should recognize the North Carolina case as opposed to the doctrine here announced, we have been unable to find any

cases holding directly contra to the views expressed herein. Tires and tubes are sold as a distinct and separate article. They are numbered, named, and have a particular size. They can be placed upon an automobile and easily removed and others placed thereon. So, under the theory of accession, we do not think they become a part of the car so as to deprive the seller of his right under a conditional sale, where title is retained.

While it is decided, in some of the cases above set out, the question of whether or not tires sold outright to the owner of a car and placed thereon would become a part of the car by the theory of accession, we do not here decide, as that question is not presented.

It therefore follows that the case should be reversed and remanded to the trial court, with instructions to overrule the demurrer of the defendant, and for such other proceedings not inconsistent with this opinion.

BENNETT, TEEHEE, LEACH, and REID, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) anno. L. R. A. 1916E, 256; 1 R. C. L. p. 119; R. C. L. Perm. Supp. p. 31.