The Standard Computing Scale Company, Appellant, v. A. Dombrowski and Max Sugar, Appellees.

Gen. No. 33,813.

Opinion filed May 14, 1930.

G. T. GRAHAM, for appellant.

LEVISOHN & LEVISOHN, for appellees.

MR. PRESIDING JUSTICE WILSON delivered the opinion of the court.

This cause was tried by the court without a jury upon a stipulation of facts and resulted in a finding in favor of the defendants and judgment on the finding.

From the agreed facts it appears that the plaintiff, The Standard Computing Scale Co., sold to Charles A. Griffith a Standard Computing scale, to which was attached certain metal letters bearing the name of the

Standard Computing Scale Co. Griffith was operating. a grocery store and the scales were used by him as part of his equipment in the conduct of his business. The sale was made August 24, 1928, and a certain specified sum paid on the purchase price, leaving a balance of $200 due and unpaid. The sale was made under a conditional sales contract which provided as follows:

"It is agreed no title to said property shall vest in the vendee or other person, firm or corporation, until paid for in full."

Payments of $10 monthly were to be made by the purchaser beginning October 20, 1928, until the purchase price was paid, at which time title was to vest in the vendee. October 17, 1928, by reason of an execution issued in the case of *Diversey Store Fixture Co. v. Charles A. Griffith and Kurt Wentzel,* the scale was levied upon and sold on October 27, 1928, to Max Sugar, and by him in turn sold to Dombrowski on October 28, 1928. These two were the defendants below and are the appellees here.

It is admitted that Dombrowski was an innocent purchaser for value. From the facts it is apparent that the levy on the goods was made before the first payment was due under the conditional sales contract, and the sale was made seven days after this payment matured. It appears that the sale was advertised by the bailiff of the municipal court and the plaintiff took no action to replevy the goods until January 29, 1929, at which time this suit was started in the municipal court. It is insisted that this delay in starting suit was such conduct as would work an estoppel against the then vendor. With this, however, we cannot agree.

The estoppel contemplated by the Uniform Sales Act, Cahill's St. ch. 121a, ¶ 26, is the conduct of the vendor while the property is in the hands of the vendee and not after the sale to an innocent purchaser. It is

true that if the vendor had left the property in the hands of the vendee for a considerable length of time, after the conditional payment became due, it might be held to be a waiver of his rights to enforce the contract. The innocent purchaser, however, took the property under the bailiff's sale as of the date of that sale and subject to the rights as they existed between the vendor and the vendee. It may have been that the plaintiff was unable to locate the property after the sale, especially as in the case at bar the execution purchaser subsequently sold it to a third party. From the record it appears that the sale of the property by the bailiff was seven or eight days after the first conditional payment was due, and we are of the opinion that this period of time is insufficient to create a condition of estoppel as against the vendor in the original sales contract. The sale by the bailiff of the municipal court carried only such title to the property as the bailiff had. The bailiff had only such title as Griffith had. *Graver Bartlett Nash Co. v. Krans,* 239 Ill. App. 522.

Under the Uniform Sales Act, Cahill's St. ch. 121a, ¶ 4 *et seq.,* in force in this State July 1, 1915, the right of the vendor to reserve possession of property until certain conditions have been fulfilled has been expressly provided for. Under the conditional sales contract in this case, the vendor under this statutory enactment was authorized to reserve title to himself, and there is nothing in the record, in our opinion, showing his right to have been lost by reason of his conduct.

In the case of *Dayton Scale Co. v. General Market House Co.,* 248 Ill. App. 279, it appears from the facts that default was made by the vendee in a number of payments, but the vendor did not exercise its rights to reclaim the property, but by its conduct, in allowing the property to remain in the hands of the vendee

after a condition broken, waived its right to a strict compliance with the contract.

The case of *Illinois Bond & Investment Co. v. Gardner*, 249 Ill. App. 337, was a case where the vendor sold and delivered to the vendee certain automobiles. The vendee was engaged in the business of selling automobiles to the public and there was nothing that would put a prospective purchaser on notice as to a conditional sales contract. In other words, in the case cited, the vendor conveyed to the vendee property which was intended to be sold to the public and in this manner became a party to the sale. In the case at bar, the property involved was a store fixture and Griffith, the purchaser, was not engaged in the business of buying or selling Standard Scales or any other character of store equipment.

In the present case the trial court found in favor of the defendants and was not called upon to ascertain the damages, if any, sustained by the plaintiff. The cause should be retried for the purpose of ascertaining the damages sustained if any, the facts being stipulated no other question is open for consideration.

For the reasons stated in this opinion, the judgment of the municipal court is reversed and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

RYNER, J., concurs.

HOLDOM, J., not participating.