Meisel Tire Company, Appellant, v. Edwards Finance Corporation, Appellee.

Gen. No. 39,917.

Opinion filed May 3, 1938.

CLARENCE F. MARTIN, of Chicago, for appellant.

No appearance for appellee.

MR. PRESIDING JUSTICE FRIEND delivered the opinion of the court.

Meisel Tire Company, plaintiff, filed an action of detinue in the municipal court to recover certain tires, tubes and a storage battery, or their value, from defendant, Edwards Finance Corporation. The cause was tried by the court without a jury, resulting in a finding and judgment that defendant was not guilty in detinue and assessing costs against plaintiff. De-

fendant has filed neither its appearance nor briefs on appeal.

The essential facts disclose that plaintiff had entered into a conditional sales contract with Louis Keller, October 8, 1936, for the sale and purchase of four automobile tires, four tubes and a storage battery, which were delivered to Keller and installed on a 1929 Plymouth sedan, then in Keller's possession. At the time these accessories were placed on the car it was subject to a conditional sales contract dated September 5, 1936, between Keller and defendant's assignor. This fact, however, was not known to plaintiff. The conditional sales contract entered into between plaintiff and Keller provided that title to the tires, tubes and battery should not pass to Keller until the purchase price had been fully paid, and that upon default plaintiff might take immediate possession of the property covered by the contract. A similar agreement was entered into between Keller and defendant's assignor with reference to the purchase of the car. Subsequent to the making of these conditional sales agreements Keller defaulted in his payments under both contracts, and the automobile was repossessed by defendant, whose counsel admitted in open court it had possession of the four tires but denied possession of the tubes and battery. Keller, however, testified that the tubes and battery had been placed on the car and that he had possession thereof. The trial court, after hearing the testimony of Keller, found defendant not guilty in detinue, before plaintiff had rested its case, and refused to hear any more evidence despite the offers of proof by plaintiff, the court indicating that plaintiff was not entitled to a return of its accessories because the automobile on which they were placed was covered by a prior conditional sales contract.

The validity of conditional sales contracts since the enactment of subsec. 1 of sec. 20, ch. 121½, par. 20, Ill.

Rev. Stat. 1937 [Jones Ill. Stats. Ann. 121.24], is no longer questioned. In the leading case of *Sherer-Gillett Co. v. Long*, 318 Ill. 432, the court held that the conditional vendor of a display counter could successfully assert its right thereto, even though one who had in good faith and without notice purchased it from the conditional vendee, and the interpretation of the statute adopted in that case has since been consistently followed by our courts in *Silverthorne v. Chapman*, 259 Ill. App. 289; *Standard Computing Scale Co. v. Dombrowski*, 257 Ill. App. 409; *Graver Bartlett Nash Co. v. Krans*, 239 Ill. App. 522; and *Hixson v. Ward*, 254 Ill. App. 505.

The principal question of law involved is whether readily detachable accessories placed upon the automobile of another person became merged into and an integral part of the car so as to lose their identity, even though the automobile is subject to another conditional sales agreement. Plaintiff's counsel says that this is a case of first impression in Illinois, and that a diligent search of the authorities has failed to disclose any decisions in point. Other States, however, have had occasion to discuss the principle involved, and in several instances have passed squarely on the point. In an early case, *Clark v. Wells*, 45 Vt. 4, it was held that new axles and wheels substituted for the worn out parts of a wagon did not merge with the principal chattel, and the conditional seller of the wheels and axles was permitted to recover their value in a suit for conversion.

*Bousquet v. Mack Motor Truck Co.*, 269 Mass. 200, is precisely in point. In that case the conditional seller of tires which were placed upon a truck which maintained his title against the conditional vendor of the truck had repossessed both the truck and the tires upon default of the conditional purchaser, and in discussing the question under consideration the court said

(p. 201) : ''We think it plain that one who attaches tires which he does not own to a motor truck which he does not own does not thereby pass title in the former to the owner of the latter. The doctrine of accession of chattels does not help the defendant. That doctrine applies where something is added to, attached to, or mixed with something else so that it cannot again be separated without the destruction or serious injury of the whole so formed.''

*General Motors Truck Co. v. Kenwood Tire Co.*, 94 Ind. App. 25, is another case in point. It involved a conditional sales agreement for tires placed upon a truck which was the subject of another conditional sales agreement. The court sustained the contention of the conditional vendor of the tires, in a suit to establish title thereto, and arrived at the conclusion that (p. 28) ''the vendor of property under a conditional sales contract can recover such property when placed upon other personal property purchased under a conditional sales contract where the same can be conveniently detached and has not become an integral part of the property to which it is attached.''

*K. C. Tire Co. v. Way Motor Co.*, 143 Okla. 87, 287 Pac. 993, and various other cases cited in plaintiff's brief are to the same effect. All these decisions enunciate the principle laid down in the foregoing cases. We think the logic of these authorities is obviously sound, because tires, tubes, batteries and other accessories of a similar character attached to automobiles are by their nature temporary and so constructed as to be capable of ready attachment and detachment without harm to the automobile.

Plaintiff sued for the return of the chattels or in the alternative a judgment for their value, and therefore it should have been allowed, in accordance with its offers of proof, to introduce evidence of the value of the accessories.

On the hearing defendant's counsel urged that plaintiff should have made a demand for the chattels. However, since defendant had denied plaintiff's right to the accessories, and also because the original taking was wrongful, no demand was necessary. (*Woodbury v. United States Cas. Co.*, 284 Ill. 227, 240; *Hayes v. Massachusetts Mut. Life Ins. Co.*, 125 Ill. 626.) Moreover, plaintiff sought by one of its offers to prove that a demand and refusal had been made and was precluded from doing so by the court's ruling. The value of the property, as well as evidence of a demand and refusal, was competent and it was error for the court to overrule these offers of proof.

For the reasons given we are of the opinion that the court erred in finding the defendant not guilty in detinue. The judgment of the municipal court is reversed and the cause remanded for a new trial.

*Judgment reversed and cause remanded.*

SCANLAN and SULLIVAN, JJ., concur.