OLIVE'S STORE, Plaintiff in Error,

v.

Odus THOMAS and W. A. Loftin, Jr., Defendants in Error.

No. 36668.

Supreme Court of Oklahoma.

Feb. 28, 1956.

George T. Arnett, E. E. Cochran, Ed R. LeForce, Idabel, for plaintiff in error.

Ed Shipp, Idabel, for defendants in error.

HUNT, Justice.

The plaintiff in error, Olive's Store, commenced this replevin action in a Justice Court of McCurtain County, Idabel District, against Odus Thomas by filing therein a replevin affidavit, in which it is alleged that the plaintiff, by virtue of a chattel mortgage, had a special ownership, lien and right of possession to six truck tires and tubes which were described by number and make, and alleged that plaintiff was entitled to immediate possession of the property, which was wrongfully detained from plaintiff by the defendant. A writ of replevin was issued and executed and a re-delivery bond was given by the defendant Thomas. W. A. Loftin, Jr. was permitted to intervene in the action on his motion and upon the grounds that he sold to the defendant Thomas a portion of the property involved and warranted title thereto, and was the real party in interest. The intervenor filed an answer wherein he alleged the defendant Thomas to be a purchaser for value in good faith of the property involved, without notice of any lien claimed by the plaintiff, and further alleged

that the plaintiff at the time it sold the tires knew of a valid existing lien on the truck held by the intervenor, and said property became a part of the truck on which the tires were placed, and that the intervenor's lien attached thereto. Upon trial of the issues in the Justice Court in 1950 judgment was entered for the plaintiff for possession of the truck tires and tubes, or for their value in the sum of $135, in case delivery of possession cannot be made. The intervenor, W. A. Loftin, Jr., appealed from said judgment to the District Court of McCurtain County where on the 30th day of July, 1954 the case was submitted and tried to the court solely on an agreed stipulation and statement of facts, which stipulation, omitting the formal parts, reads as follows:

"1. That on the 21st day of February, 1950, the intervenor, W. A. Loftin, sold to one Jim Johnson a certain 1947 Ford Truck, Motor No. 799T1878965, complete with tires and tubes, under a conditional sales contract being filed in the office of the County Clerk of McCurtain County, Oklahoma, at 3:00 o'clock P.M., February 21, 1950.

"2. That thereafter, without the knowledge and consent of W. A. Loftin, the said Jim Johnson purchased from the plaintiff certain tires and tubes and the same were placed upon said truck to replace said tires and tubes that were on the truck when sold by the intervenor to said Jim Johnson; that the said plaintiff retained a chattel mortgage upon said tires and tubes, the same having been filed in the office of the County Clerk of McCurtain County, Oklahoma, on the 13th day of May, 1950.

"3. That thereafter, the intervenor repossessed said truck by reason of the failure of said Jim Johnson to meet his obligation as provided for under said conditional sales contract and as provided by law; that the value of said truck, together with the tires and tubes which were placed upon the said truck by the said Jim Johnson to replace the ones on the truck at the time he purchased the same were not of sufficient value to discharge the obligation to said intervenor, and thereafter sold the same to Odus Thomas.

"4. That thereafter, the said Jim Johnson failing to pay the amount due the plaintiff for said tires and tubes, said plaintiff instituted a replevin action against the said Odus Thomas for the recovery of said tires and tubes."

The District Court rendered judgment for the intervenor, W. A. Loftin, Jr. against the plaintiff, Olive's Store, denying it any recovery. In the journal entry of judgment the District Court made the following finding:

"The court finds as a matter of law that when said tires and tubes were purchased from Olive's Store, the plaintiff herein, and delivered to Jim Johnson, the purchaser, and placed on said truck that by the law of accession they became a part of said truck and that plaintiff, Olive's Store, lost their right to recover the possession of said tires and tubes and that the intervenor, W. A. Loftin, Jr., should have judgment for the possession of said tires and tubes."

The plaintiff excepted to the finding and judgment of the court and gave notice of appeal and has perfected its appeal in this court. The plaintiff in error assigns as error the action of the District Court in rendering judgment for the intervenor, W. A. Loftin, Jr., and in denying judgment to the plaintiff. At the outset of its argument and citation of authority the plaintiff makes this statement:

"The only question for decision by the Court in this case is whether or not the tires and tubes upon which the plaintiff had a mortgage for the purchase price, became a part of the truck on which they were placed by Jim Johnson, by the law of accession, so as to give W. A. Loftin, who retained a Conditional Sales Contract on the truck, the title to the tires and tubes as against the plaintiff's mortgage."

Plaintiff asserts that the question has been settled by this court in the case of K. C. Tire Co. v. Way Motor Co., 143 Okl. 87, 287 P. 993, syllabus 1, which reads:

"Where automobile tires and tubes are sold by the plaintiff, as in the instant case, on a conditional sales contract, retaining title thereto in the seller, the plaintiff, which tires and tubes were immediately placed upon an automobile on which the defendant, a third party, held an unsatisfied recorded, chattel mortgage, said tires and tubes do not become a part of the mortgaged automobile by the doctrine of accession, where the mortgagor later delivers possession of the automobile, with the tires and tubes attached, to the defendant mortgagee, in whose possession the plaintiff sought to replevin said tires and tubes."

In the opinion of the above cited case is the following language by this court:

"In the case at bar we think these tires did not become a part of the mortgage security. These tires were not an integral and permanent part of the automobile; they could be severed easily and without any damage to the car; they could be used as readily upon any other car of like make and size, and were easily identified by number, as well as make and size, so there could be no possible dispute about their identity. * * * Tires and tubes are sold as a distinct and separate article. They are numbered, named, and have a particular size. They can be placed upon an automobile and easily removed and others placed thereon. So under the theory of accession we do not think they become a part of the car, so as to deprive the seller of his right under a conditional sale, where title is retained."

In the present case the vendor of the truck tires took and filed a chattel mortgage on the tires as security for the purchase price thereof. Defendant in error contends that since the vendor retained a chattel mortgage on the tires for the purchase price, instead of retaining title under a conditional sales contract; that the law of accession applied and the tires and tubes became a part of the truck when they were placed thereon by the mortgagor, and that the vendor of the tires lost its right under the chattel mortgage. A similar view and theory was apparently the basis for the judgment of the trial court. We do not agree to such theory and holding.

Defendant's counsel cites decisions from other jurisdictions wherein it was held that the law of accession applied to such cases where the vendor of the tires did not retain title thereto, but an examination of such cases discloses that the seller of the tires did not either retain title under a conditional sale contract or a mortgage thereon for the purchase price. The case of Davy v. State ex rel. Mothersead, 130 Okl. 91, 265 P. 626, is referred to in defendant's brief as being applicable in the present action. That case was cited and referred to in the case of K. C. Tire Co. v. Way Motor Co., supra, and in referring thereto this court said: "However, the property involved in that case was a Star drilling rig complete with all tools. The facts in the case, as well as the question of law here presented, are not there involved." The statement there made with reference to the case applies with equal force in the present case.

This court held in K. C. Tire Co. v. Way Motor Co., supra, that the law or principle of accession did not apply to tires placed on an automobile by the vendee of the tires under conditional sale contract where title was retained in the seller. Such decision, as we view it, is based not alone on the question of who held title to the tires but rather upon whether or not the tires could be removed without injury to the truck. If the law of accession does not apply to automobile tires where title thereto is retained under a conditional sale contract we see no reason why it also does not apply to the rights of a holder of a valid mortgage given to secure the purchase price. The attachment of mortgaged tires to a third party's truck by the vendee thereof under a conditional sales contract might affect the rights of the parties to the contract, but it cannot impair the rights of the

holder of a mortgage on the tires. The sale and purchase of the truck tires and the execution of the chattel mortgage thereon for the purchase price, as was done in the present case, was a valid transaction and the purchaser could not destroy or impair the rights of the mortgage holder by attaching the tires to the truck owned by a third party who retained title to the truck under a conditional sale contract.

The defendant in error makes the statement in his brief that the plaintiff knew when he sold the truck tires that they were to replace tires, title to which remained in W. A. Loftin, Jr. We do not find anything in the record to justify or support the statement, and counsel does not point out what legal effect would arise were the statement correct.

As to the parties to the conditional sale contract on the truck, there might arise some rights under the contract with respect to the tires subsequently attached to the truck, but such rights or obligations would not be binding on the holder of the chattel mortgage in question. The record does not include the conditional sales contract on the truck, and we are not informed as to its terms. The case of Goodrich Silvertown Stores v. Caesar, 214 N.C. 85, 197 S.E. 698, holds:

"1. The doctrine of accession is inapplicable in cases where personalty is placed upon other personalty if the property so placed has not become an integral part of the property to which it was attached and could be conveniently detached.

"2. Tires placed upon automobiles do not become part of the automobile by the principle of accession.

"3. Where seller of truck retained title under conditional sales contract, buyer purchased tires and executed chattel mortgage thereon to seller of tires, and seller of truck repossessed truck, on which tires had been placed, seller of tires was entitled to recover possession or value of tires from seller of truck, notwithstanding provision of conditional sales contract that buyer could not create any lien on the truck for any accessories and that such accessories should become a component part of the truck."

The opinion next above quoted cites several decisions from other jurisdictions in support of the holdings in that case. Among the cases cited is Firestone Service Stores v. Darden, Tex.Civ.App., 96 S.W. 2d 316, which holds:

"Where chattel mortgage on automobile contained no provision that mortgage should include accessories and attachments thereafter placed on automobile, mortgage did not include tires put on automobile after mortgage was executed, since tires being easily identified and removed without injury to automobile did not become part of it by accretion or accession."

Vol. 1 C.J.S., Accession, § 1, p. 413, relating to the law of accession, states:

"With the changing conceptions of justice and the growth of modern conditions the original arbitrary rule of accession has been ameliorated and made more varied in its meaning and application. This applicability to complex conditions renders hazardous any attempt to give a comprehensive definition."

We find a majority of the courts in considering the question have generally held that the law or principle of accession does not apply to tires placed on trucks or automobiles, the title to which is retained under conditional sale contract or covered by chattel mortgage.

From an examination of the record in the present case we are of the opinion and find that the evidence and record, under the law applicable thereto, does not justify or support the finding and judgment of the District Court, and said judgment is hereby vacated and reversed, and the cause remanded to the District Court with directions to enter judgment for the plaintiff, Olive's Store, and against the defendant-intervenor, W. A. Loftin, Jr., for the recovery of possession of the truck tires and

tubes involved, or the value thereof in case such delivery cannot be had.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.